# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bky. Case No.: 21-30420 |
| | ) | Chapter 7 |
| Andy Baron Elliott, | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| Gene W. Doeling as Bankruptcy Trustee, | ) | **ADVERSARY COMPLAINT** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Andy Baron Elliott, | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Defendants. | ) | Adversary No. 24-_____ |
| | ) | |

Gene W. Doeling, the bankruptcy trustee and plaintiff herein the above-entitled case, by and through his attorney, states and alleges as follows:

1. This is an adversary proceeding brought pursuant to Bankruptcy Rule 7001(1) and Section 727 of Title 11, United States Code and constitutes a "core" proceeding as defined in Title 28, United States Code § 157(b)(2)(H).

2. The Debtors filed a Chapter 13 bankruptcy petition in the District of North Dakota on September 28, 2021 and converted their case to Chapter 7 on January 9, 2024. The plaintiff is the duly appointed and acting Chapter 7 trustee in this case.

3. The Debtors have alleged that they were unable to make payments to the Chapter 13 plan, so they converted from Chapter 13 to Chapter 7.

4. The Debtors owned a house ("House") in Watford City, ND at address 1408 West Pheasant Ridge Drive valued at $370,000 on their original bankruptcy filing, with a scheduled secured claim of $322,835.

5. As of March 14, 2024, the Debtors claimed to owe Cardinal Financial $296,136 for a mortgage against the house.

6. In February 2024, after they converted their Chapter 13 bankruptcy to a Chapter 7 bankruptcy, the Debtors took out an additional $73,445.96 HUD loan from Freedom Mortgage and granted a second mortgage against their property.

7. The Debtor purchased fifty or sixty thousand dollars' worth of tools according to information contained on the Debtor's tax returns. The Debtor valued the tools on his bankruptcy schedules at $12,000, but testified at his creditors meeting that the tools would probably appraise at $50,000-$60,000.

8. Defendant Andy Elliott had gross business receipts according to his tax returns of $462,000 in 2021 and $765,000 in 2022. The Debtor has not turned over his 2023 tax returns and claims 2023 tax returns have not been filed.

9. According to Debtor's 2021 tax return Schedule C, the Debtor spent $35,360 on small tools. According to Debtor's 2022 tax return Schedule C, the Debtor spent $28,633 on small tools.

10. During the time period when the Chapter 13 bankruptcy was pending with a confirmed plan, rather than making their Chapter 13 payments, the Debtors were making purchases at various sporting goods stores. These purchases include, but are not limited to:

   a. June 8, 2023 purchase at Big Boy's Toys in Watford City, ND for $1,384;

   b. July 12, 2023 Spartan Firearms in Minot, ND for $245;

   c. October 10, 2023 Rack Jack Stand for $174.24;

    d.  October 19, 2023 Lundemo Firearms, Sydney, MT for $1,883.70;

    e.  November 1, 2023 Scenic Sports, Williston, ND for $442.77;

    f.  November 3, 2023 Lundemo Firearms for $425.13; and,

    g.  December 13, 2023 purchase at Scenic Sports for $385.50.

11.    The Debtors also made numerous purchases for RV accessories, despite testifying that they do not own an RV. These purchases include:

    a.  July 7, 2023 purchase at Rugby Homes and RV for $429.48;

    b.  July 10, purchase at Rough Rider RV for $1,322;

    c.  July 28 purchase at Rough Rider RV for $323.65;

    d.  July 31 purchase at Amunrud's RV in Sydney, MT for $326.85; and,

    e.  August 7, 2023 RV Upgrades purchase for $787.54.

12.    On November 8, 2023 the Debtors filed a proposed amended plan, proposing to pay $1,300 per month for 14 months beginning in November, 2023, $2,941 per month for 20 months beginning in January 2025, and $9,250 for one month beginning in September 2026. This plan was confirmed by the Court on November 30, 2023.

13.    Rather than make payments to their Chapter 13 plan, the Debtors transferred money to their children shortly before converting to a Chapter 7. On December 21, 2023 the Debtor transferred $1,100 to his daughter, and on December 26, the Debtor transferred $500 to his son. The Debtor also transferred a GMC pickup to his daughter as a graduation gift, the title being transferred on or about January 10, 2024.

14.    The Debtor purchased a 2020 Aero AETL ("Aero trailer") for $6,300 in November 2023 and did not disclose that purchase.

15. On January 9, 2024, the day the Debtors converted their case to Chapter 7, the Debtors' First International Bank account had a balance of $40,785.

16. The Debtors had gross deposits of funds into the First International Bank account in November 2023 of $16,459, gross deposits of $16,430 in December 2023, and gross deposits of $48,546 in January 2024 prior to the conversion to Chapter 7 on January 9, 2024, with total deposits of $107,857 in January 2024.

17. On November 2, 2023 the Debtor withdrew $1,500, and on November 20 withdrew $5,000 cash from his First International Bank account. The Debtor has provided no explanation as to what happened to that cash.

18. On February 1, 2024 the Chapter 13 standing trustee filed his final report and account, reporting that the Debtors paid a total of $11,029 into the Chapter 13 plan, which was confirmed on March 28, 2022.

19. The bankruptcy court issued an order for turnover on April 26, 2024 as Docket number 129. This order for turnover requiring the Debtors to turn over copies of Debtors' 2023 federal and state tax returns along with copies of all working papers with the Debtors' 2020, 2021, 2022, and 2023 tax returns. The order also required turnover of copies of all paperwork, including invoices, quotes, and estimates for work Debtor Andy Elliott performed for his business for which he was paid for the period of June 1, 2023 to current date. Debtor has not complied with this Court's order, has not provided any working papers with the Debtors' 2020, 2021, 2022, and 2023 tax returns, and very limited documentation or invoices, quotes, or estimates for work Debtor Andy Elliott performed which he was paid for the period June 1, 2023 to the current date.

**FIRST CLAIM —– CLAIM THAT CONVERSION
TO CHAPTER 7 WAS IN BAD FAITH - 11 U.S.C. § 348(f)(2)**

20. The trustee re-alleges paragraphs 1 through 19. The Debtors' conversion to Chapter 7 should be determined to be in bad faith in that the Debtors had the means to make their Chapter 13 payments, but deliberately chose not to make Chapter 13 payments while purchasing various assets including luxury recreational items, including but not limited to guns, ammunition, travel, motor vehicles, trailers, tools, and other assets and transferring those assets.

21. The Debtors are converting their Chapter 13 case in bad faith because they did not report to the Chapter 13 trustee the purchase of various assets while the plan was pending including a 2004 GMC pickup, Aero Trailer, transfer of the 2004 GMC to his daughter, and was spending funds on luxury items rather than making the Chapter 13 plan payments.

22. The Debtors' failure to make Chapter 13 payments under the plan was a deliberate plan by the Debtors to manipulate their bankruptcy filing. The Debtors could have been able to make payments to the Chapter 13 trustee under the plan if they chose to do so.

23. The trustee alleges that conversion from Chapter 13 to Chapter 7 was in bad faith and, pursuant to 11 U.S.C. § 348(f)(2), the property of the bankruptcy estate in a converted case shall consist of the property of the estate as of the date of the conversion.

**SECOND CLAIM —– DENIAL OF DISCHARGE
11 U.S.C. § 727(a)(2), (a)(3), (a)(4), (a)(6)**

24. The trustee re-alleges paragraphs 1 through 23. The Debtors have concealed, destroyed, or failed to keep or preserve any recorded information, including books, documents, records and papers from which the Debtors' financial condition or business transactions might be ascertained. The Debtor has not kept business records and has not provided business records to the trustee reflecting income and expenses which could be used to ascertain Debtor's business condition and transactions. The Debtor claims he spent a significant amount of money on

gunpowder, purchased shells, luxury sports items, and did not keep any books, records, receipts, or documents from which his financial condition or business transactions might be ascertained. The Debtors' discharge should be denied pursuant to 11 U.S.C. § 727(a)(3).

25. The Debtors committed false oath by failing to disclose assets, including tools, accounts receivable, and other assets, and diverted funds which could have been used to fund Chapter 13 payments, and instead purchased other assets which were not disclosed to the trustee and transferred assets. Debtors' discharge should be denied pursuant to 11 U.S.C. § 727(a)(4).

26. The Debtors, with intent to hinder, delay, or defraud a creditor or an officer of the bankruptcy estate, transferred property of the bankruptcy estate after the date of the bankruptcy filing by granting a second mortgage in their real estate, and transferring a motor vehicle to their daughter after the case was converted to a Chapter 7. The Debtors' discharge should be denied pursuant to 11 U.S.C. § 727(a)(2)(A).

27. The Debtors, with intent to hinder, delay, or defraud a creditor or an officer of the estate, has transferred property of the Debtor within one year before the date of the filing of the Chapter 7 petition, by transferring cash and a GMC motor vehicle to his children. Debtors' discharge should be denied pursuant to 11 U.S.C. § 727(a)(2)(B).

28. The Debtors have not complied with the Court's order dated April 26, 2024, in that they have not provided copies of working papers for the Debtors' 2020, 2021, 2022, and 2023 tax returns, which the Debtor relied on to report his income and expenses on his tax returns. The Debtor also did not provide all of the paperwork, including invoices, quotes, and estimates for work the Debtor performed for his business for which he was paid for the period June 1, 2023 to the current date. Pursuant to 11 U.S.C. § 727(a)(6), the Debtors have refused to obey any lawful order of the court, and their discharges should be denied.

WHEREFORE, the Plaintiff requests the following relief from the Court:

1. Denial of the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(2), (a)(3), (a)(4), and (a)(6);

2. A finding of a bad faith conversion under 11 U.S.C. § 348(f)(2) and that the property of the converted case shall consist of property in the estate as of the date of the conversion;

3. For the Plaintiff's costs and disbursements of this action; and,

4. For such other and further relief as the Court deems fair and just.

Dated: August 13, 2024              */s/ Gene W. Doeling*
                                    Gene W. Doeling (05078)
                                    KALER DOELING PLLP
                                    Attorneys for Plaintiff
                                    PO Box 9231
                                    Fargo, ND  58106-9231
                                    (701) 232-8757