IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Andy Baron Elliott | ) | Case No. 21-30420 |
| | ) | (Chapter 7) |
| and | ) | |
| | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| Gene W. Doeling, in his Official Capacity as Chapter 7 Trustee, | ) ) ) | |
| | ) | Adv. Case No. 24-07012 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Andy Baron Elliott | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Come now Andy Baron Elliott ("Mr. Elliott") and Sandra Leah Elliott ("Ms. Elliott"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7008 and Federal Rule of Civil Procedure 8, and furnish this answer—together with these affirmative defenses—to the Adversary Complaint (the "Complaint," as found at DE #1) filed by Gene W. Doeling ("Mr. Doeling" or the "Trustee") in his capacity as trustee of the chapter 7 bankruptcy estate of Ms. Elliott and Mr. Elliott:

1

*Answers*

1.  Pursuant to Federal Rule of Civil Procedure 8(b)(3), Ms. Elliott and Mr. Elliott generally deny all allegations contained in the Complaint except as expressly set forth herein.

2.  Ms. Elliott and Mr. Elliott admit the allegations of paragraphs 1-6, 11-12, 15, and 17-18 of the Complaint.

3.  Ms. Elliott and Mr. Elliott admit the enumerated expenditures set forth in paragraph 10 of the Complaint but deny that characterization of such expenditures being in lieu of "making their Chapter 13 payments."

*Affirmative Defenses*

4.  The Complaint fails to state a claim for which relief may be granted.

5.  The relief sought in the Complaint is barred by the doctrine of laches.

6.  The relief sought in the Complaint is barred by the doctrine of waiver.

7.  The relief sought in the Complaint is barred by the doctrine of estoppel.

8.  The relief sought in the Complaint is barred by the doctrine of judicial estoppel.

9.  The Trustee lacks standing to challenge the good faith, *vel non*, of the conversion of the bankruptcy case of Ms. Elliott and Mr. Elliott from Chapter 13 to Chapter 7, insofar as such conversion was accomplished by way of a judicial order that is a final order to which no appeal was timely noticed.

*Reservation of Rights*

10. Ms. Elliott and Mr. Elliott reserve their right to amend this pleading, to plead additional affirmative defenses, or to otherwise alter their positions *sub judice* as facts learned in discovery may so dictate and as justice may so warrant.

*Consent to Jurisdiction*

11. Ms. Elliott and Mr. Elliott consent to the entry of final orders by this Honorable Court.

Respectfully Submitted,

Dated: December 20, 2024   By:   /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of December, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

3