## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bky. Case No.: 21-30420 |
| | ) | Chapter 7 |
| Andy Baron Elliott and | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| Gene W. Doeling as Bankruptcy Trustee, | ) | **MID DISCOVERY STATUS-** |
| | ) | **PLAINTIFF/TRUSTEE'S ISSUES** |
| Plaintiff, | ) | **REGARDING DISCOVERY** |
| | ) | |
| v. | ) | |
| | ) | |
| Andy Baron Elliott and | ) | |
| Sandra Leah Elliott, | ) | Adversary No. 24-07012 |
| | ) | |
| Defendants. | ) | |

[1]     The plaintiff/trustee has several issues regarding discovery.

[2]     Plaintiff issued Interrogatories and Requests for Production of Documents to the

defendants on March 21, 2025. Defendants responded May 1, 2025 with minimal substantive

responses. On May 21, 2025 plaintiff's attorney sent a letter regarding the inadequate discovery

responses to defendant's counsel. There are 7 main areas of discovery production which

defendants have largely ignored.  Attached as Exhibit A, is Defendants' Responses (without

document production) and Exhibit B is Plaintiff's May 21, 2025 letter. Those areas are:

1     transfers to children between September 28, 2020 and present (this has since been

       modified to relate only to any transfers of $250 or more in value);

2     explanation of dissipation of $60,000 in tools described in the debtor's 2021 and

       2022 tax returns;

1

3      identification of all hunting, camping, and sporting goods acquired between September 28, 2021 and January 9, 2024 (since then, through subpoenas to third parties, plaintiff has discovered over $60,000 in purchase of firearms and related firearm goods during this time);

4      identification of the owner, and production of title and information regarding the RV the debtors had continuous possession of during the course of their bankruptcy;

5      production of documents the debtors have said "will be produced";

6      documentation regarding the mortgage taken by the debtors in February 2024, including the dissipation of those funds; and

7      The debtors' tax return indicates they are "self-prepared." The debtors indicate the tax preparer prepared those yet fails to identify that person or produce the documents utilized in preparation of those returns.

[3]    I have discussed this with debtors' counsel on at least two occasions. My impression is that the debtors do not take this seriously, or are not putting in a fair effort to produce the items requested. For context, these defendants have previously filed chapter 13 cases in 2013 and 2015, each of which have been dismissed for failure to perform the terms of the plan. These debtors are playing the bankruptcy game avoiding their creditors as long as they can. The current situation is making that worse in that this case has been converted to Chapter 7 in January 2024, further delaying creditors and likely resulting in a drop-off of creditor interest in pursuing these debtors.

[4]    Plaintiff issued subpoenas duces tecum to 7 companies in which the debtors have some interest. Four of those responses are due July 3, 2025. The remaining 3 subpoenas have not

2

been served as the sheriff could not locate Andy Elliott at his home.  The 4 subpoenas due July 3 are attached as Exhibit C. As to the remaining 3 subpoenas we have requested that the debtors accept service, rather than the Plaintiff to go through the delayed and more expensive route of other service of process.  I expect the response to the last 3 subpoenas to be extended beyond July 3, 2025.

[5]     On June 25, 2025 a second set of discovery, more focused on specific information and documentation, was served upon the debtors, with response due no later than July 25.

[6]     Plaintiff anticipates taking the deposition of both debtors in early August, 2025. This presumes full and complete responses to the written discovery, which given debtors' history, seems unlikely. Plaintiff intends to take the depositions whether or not written discovery was fully completed and will request a second deposition of the debtors after documents are produced.

[7]     Based on what Plaintiff has discovered thus far, it is anticipated that the Plaintiff will move to amend his complaint to restate all causes of action previously dismissed with greater factual detail and will also move to pierce the corporate veil of all of debtors' corporations to bring all of their assets into this bankruptcy estate.  Deadline for that motion is July 25, 2025.

[8]     The plaintiff anticipates a motion for summary judgment shortly after the debtors' depositions. While bad faith converting the case is a subjective standard, the evidence already seems overwhelming that the debtors had no intention of completing their Chapter 13 Plan, but it was merely a dilatory tactic to avoid creditors. The evidence includes:

1     a $2500 "donation" to Frank Oliver December 5, 2022;
2     the debtors have made over $158,000 in bank deposits in October-December 2021;

3       the debtors took a $45,000 loan in January 2022 without court authority;

4       the debtors made over $630,000 in deposits in 2022 and a similar amount of
        deposits in 2023;

5       the debtors made over $107,000 in deposits in January 2024, the month they
        converted this case to Chapter 7;

6       the debtors produced virtually no accounting/bookkeeping records from which
        their transactions can be analyzed; and

7       Andy Elliott withdrew over $80,000 in cash in 2022.

[9]     There is no reason for the debtors to cooperate and absent significant push by plaintiff

and this court, this case will drag on and the truth will not be uncovered.

Dated:  July 2, 2025

_____
Kip M. Kaler (ND Atty. #03757)
KD Law, PLLP
3429 Interstate Boulevard South
PO Box 9231
Fargo, ND 58106-9231
(701) 232-8757
kip@kdlawpartners.com
Attorney for Plaintiff

4

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E926240B48

EXHIBIT

**A**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | ) |
| | ) |
| Andy Baron Elliott | )     Case No. 21-30420 |
| | )     (Chapter 7) |
| and | ) |
| | ) |
| | ) |
| | ) |
| Debtors. | ) |
| ———————————————— | ) |
| | ) |
| Gene W. Doeling, in his Official Capacity | ) |
| as Chapter 7 Trustee, | ) |
| | ) |
| Plaintiff, | )     Adv. Case No. 24-07012 |
| | ) |
| v. | ) |
| | ) |
| Andy Baron Elliott, *et al.* | ) |
| | ) |
| Defendants. | ) |

**RESPONSES, OBJECTIONS AND ANSWERS TO**
**<u>INTERROGATORIES AND REQUESTS FOR PRODUCTION</u>**

Comes now Andy Baron Elliott ("Mr. Elliott"), by and through undersigned counsel,
pursuant to Federal Rules of Civil Procedure 33 and 34, and in response, objection, and answer to
the interrogatories (the "Interrogatories," and each an "Interrogatory") and requests for production
(the "Requests," and each a "Request") of Gene W. Doeling in his capacity as trustee of Mr.
Elliott's bankruptcy estate (the "Trustee") states as follows:

***Interrogatories***

Interrogatory 1.        Identify each and every person supplying information or assisting in
the preparation of the answers to these Interrogatories. As to each such person state:

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E028240D48

a. name;
b. address;
c. occupation;
d. current employment;
e. rank of status with current employer.


Objection:          Mr. Elliot objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege and/or the attorney work product doctrine. Specifically, to the extent Mr. Elliot has been assisted by counsel in answering these Interrogatories, the details of such are privileged and outside the permissible scope of discovery.


Answer:          Name: Andy Elliott
                 Address: 1408 West Pheasant Ridge Dr.
                 Occupation: Self-Employed


Interrogatory 2.          Identify each and every person you believe has knowledge or information relating to the subject matter of this lawsuit. As to each such person state:


a. name;
b. address;
c. occupation;


Objection:          Mr. Elliot objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege and/or the attorney work product doctrine. Specifically, to the extent Mr. Elliot has imbued in his counsel knowledge of this case, such would be both responsive to this Interrogatory and yet well outside the permissible scope of discovery.


Answer:          Name: Andy Elliott

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E026240548

Address: 1408 West Pheasant Ridge Dr.
Occupation: Self-Employed

Name: Sandra Elliott
Address: 1408 West Pheasant Ridge Dr.

Interrogatory 3.        Describe in detail all transfers of money or property you made to your children from September 28, 2020, to the present date. For each transfer, state the date, amount or value, recipient, purpose of the transfer, and source of funds or property transferred

Objection:        Mr. Elliot objects to this Interrogatory on the basis that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this Interrogatory seeks information about *all* transfers of property from Mr. Elliot to his children, without any limiting language that touches upon the size of transactions. As written, and solely for anecdotal purposes, this Interrogatory would require Mr. Elliot to recite every time he has handed his child any foodstuff or beverage.

Answer:        Subject to, and without waiving, the foregoing objection, Mr. Elliot answers as follows: Between September 28, 2020, and the present, I have made occasional transfers of money and personal property to my children. These transfers were customary gifts given for birthdays, Christmas, and graduations. The source of funds for any monetary gifts was my personal bank account and income. The amounts involved were nominal, and I do not presently recall specific dates, amounts, recipients, or itemized descriptions of the property transferred.

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E626246B48

Interrogatory 4.        Describe in detail, and not in summary fashion, how you spent or otherwise used the $1,500 that you withdrew from First International Bank on November 2, 2023.

Answer:        The $1,500.00 withdrawn from First International Bank on November 2, 2023, was retained as cash to be used as needed for travel expenses related to work, particularly in situations where my business or personal debit/credit cards did not function properly or were declined. The funds were not earmarked for a specific purchase at the time of withdrawal but were intended to serve as a readily available backup for incidental expenses. I do not have a detailed record of each expenditure made from these funds.

Interrogatory 5.        Describe in detail, and not in summary fashion, how you spent or otherwise used the $5,000 that you withdrew from First International Bank on November 20, 2023.

Answer:        The $5,000.00 withdrawn from First International Bank on November 20, 2023, was retained as cash to be used as needed for travel expenses related to work, particularly in situations where my business or personal debit/credit cards did not function properly or were declined. The funds were not earmarked for a specific purchase at the time of withdrawal but were intended to serve as a readily available backup for incidental expenses. I do not have a detailed record of each expenditure made from these funds.

Interrogatory 6.        Provide a complete and detailed list of all tools you owned as of September 28, 2021, including the make, model, purchase date, and purchase price of each tool.

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E626240D48

Answer:                As of September 28, 2021, I owned various tools used in the course of my work. However, I do not have an itemized list or detailed record identifying the make, model, purchase date, or purchase price of each tool. The tools were acquired over time on an as-needed basis, and no formal inventory was maintained.

Interrogatory 7.        Identify all tools you purchased during the calendar year 2021, including the make, model, purchase date, and purchase price of each tool, and explain how you arrived at the valuation of $35,360 on those tools, as claimed in your 2021 tax returns.

Answer:                I do not maintain receipts for tools purchased in 2021, as they were bought on an as-needed basis for work purposes. I am therefore unable to provide a complete list of make model, purchase date, or purchase price for each individual tool. The valuation of $35,360 reported on my 2021 tax returns was prepared by my tax preparer based on a review of my bank statements and financial records. I did not independently calculate or verify that figure, and I relied on the preparer's expertise in reporting the information for tax purposes.

Interrogatory 8.        Identify all tools you purchased during the calendar year 2022, including the make, model, purchase date, and purchase price of each tool, and explain how you arrived at the valuation of $28,633 on those tools, as claimed in your 2022 tax returns.

Answer:                I do not maintain receipts for tools purchased in 2022, as they were bought on an as-needed basis for work purposes. I am, therefore, unable to provide a complete list of make, model, purchase date, or purchase price for each individual tool. The valuation of $28,633

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E02B240D46

reported on my 2022 tax returns was prepared by my tax preparer based on a review of my bank statements and financial records. I did not independently calculate or verify that figure, and I relied on the preparer's expertise in reporting the information for tax purposes.

Interrogatory 9.        Identify all tools you purchased during the calendar year 2023, including the make, model, purchase date, and purchase price of each tool.

Answer:        I do not maintain detailed receipts or records for tools purchased in 2023, as they were acquired on an as-needed basis for work purposes. As such, I am unable to provide a complete list of the make, model, purchase date, or purchase price for each individual tool. If I am able to locate additional documentation or recall specific purchases, I will supplement this response accordingly.

Interrogatory 10.        Explain how you arrived at the valuation of $12,000 for your tools, as listed in your amended Schedule B filed on June 7, 2024.

Answer:        The $12,000.00 valuation listed for tools on my amended Schedule B filed on June 7, 2024, represents my good faith estimate for the current value of the tools I presently possess. I did not use a formal appraisal method. The estimate accounts for depreciation, as tools typically decrease in value to less than half of their original purchase price over time. The figure also reflects what I believe remained in my possession following a consolidation and review of my equipment.

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E020240D48

Interrogatory 11.       Describe in detail, and not in summary fashion, the circumstances surrounding the $73,445.96 HUD loan taken out in February 2024, including the purpose of the loan, how the funds were used, and why you believed it was necessary or appropriate to take out this loan after converting your bankruptcy case to Chapter 7.

Answer:               In February 2024, a $73,445.96 HUD loan was initiated by Freedom Mortgage to address the arrears on my mortgage loan. The funds were not transferred directly to me; rather, they were applied internally by Freedom Mortgage to bring my mortgage loan current. This loss mitigation option was offered by the mortgage company as part of their in-house servicing process to cure the delinquency on the loan. I agreed to the loan because I believe it was necessary to avoid foreclosure and preserve my home, and it appeared to be the only viable option presented by the lender at the time. I was not advised that accepting the loan would conflict with my pending Chapter 7 case, and I did not view it as taking on new unsecured debt, since the loan was fully secured by the property and applied directly toward existing mortgage arrears.

Interrogatory 12.       State your gross business receipts for each month from January 2021 to the present. Provide a detailed explanation for any significant increases or decreases in monthly receipts during this period.

Answer:               I do not have precise, itemized breakdown of gross business receipts by month from January 2021 to the present readily available at this time. As a self-employed individual, my income fluctuates due to the nature of the work. There is no consistent pattern or predictable trends, and I cannot control the inflow or reduction of work from day-to-day, month-

to-month, or year-to-year. These fluctuations are driven by client demand, seasonal factors, and general market conditions.

Interrogatory 13.       Identify all purchases you made at hunting, camping or sporting goods stores between September 28, 2021, and January 9, 2024. For each purchase, state the date, amount, items purchased, and source of funds used for the purchase along with the current location of each item purchased. Your response should include, but not be limited to, the following purchases:

a) June 8, 2023 purchase at Big Boy's Toys in Watford City, ND for $1,384;
b) July 12, 2023 purchase at Spartan Firearms in Minot, ND for $245;
c) October 10, 2023 purchase at Rack Jack Stand for $174.24;
d) October 19, 2023 purchase at Lundemo Firearms, Sydney, MT for $1,883.70;
e) October 27, 2023 purchase at Lundemo Firearms for $1,150.87;
f) November 1, 2023 purchase at Scenic Sports, Williston, ND for $442.77;
g) November 3, 2023 purchase at Lundemo Firearms for $425.13;
h) December 13, 2023 purchase at Scenic Sports for $385.50;
i) January 8, 2024 purchase at Sportsman's Warehouse, Williston, ND for $601.46; and
j) January 9, 2024 purchase at Lundemo Firearms for $1,393.06.

Answer:                   Between September 28, 2021, and January 9, 2024, I made various purchases at hunting, camping, and sporting goods stores, including those listed below. The purchases were generally for reloading materials, firearm-related supplies, camping accessories, and outdoor sporting goods. I do not specifically recall the exact items purchased in each transaction; however, based on the store types and may generally practice, the items likely included gunpowder, lead, brass casings, reloading equipment, ammunition, camping tools, archery accessories, and other outdoor utility items. The source of funds for these purchases was my

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E62024654E

personal and/or business income. Items purchased were either used, installed, remain in my

possession, or have since been disposed of in the ordinary course of use. Known purchases include:

a. June 8, 2023 purchase at Big Boy's Toys in Watford City, ND for $1,384;
b. July 12, 2023 purchase at Spartan Firearms in Minot, ND for $245;
c. October 10, 2023 purchase at Rack Jack Stand for $174.24;
d. October 19, 2023 purchase at Lundemo Firearms, Sydney, MT for $1,883.70;
e. October 27, 2023 purchase at Lundemo Firearms for $1,150.87;
f. November 1, 2023 purchase at Scenic Sports, Williston, ND for $442.77;
g. November 2, 2023 purchase at High Caliber, Sidney MT for $147.97
h. November 2, 2023 purchase at Rack Jack Stand for $288.49
i. November 3, 2023 purchase at Lundemo Firearms for $425.13;
j. November 10, 2023 purchase at Camping World for $67.08
k. November 16, 2023 purchase at Sportsman's Warehouse, Williston, ND for $85.76
l. November 20, 2023 purchase at Flex-Fletch Prod for $36.99
m. November 20, 2023 purchase at Dead on Archery for $74.94
n. November 20,2023 purchase at Sportsman's Warehouse, Williston, ND for $129.05
o. November 20, 2023 purchase at Sportsman's Warehouse, Williston, ND for $161.99
p. November 20, 2023 purchase at Sportsman's Warehouse, Williston, ND for $225.99
q. November 22, 2023 purchase at Runnings of Dick, Dickinson ND for $236.39
r. November 24, 2023 purchase at Sportsman's Warehouse, Willinson, ND for $102.59
s. November 24, 2023 purchase at Sportsman's Wearhouse, Willison, ND for $117.57
t. November 27, 2023 purchase for GritrSports for $101.81
u. November 27, 2023 purchase for Scenic Sports, Williston ND for $168.32
v. December 7, 2023 purchase at Sportsman's Warehouse, Williston, ND for $117.69
w. December 11, 2023 purchase at Go Outdoors Scout for $80.00
x. December 13, 2023 purchase at Scenic Sports for $385.50;
y. January 8, 2024 purchase at Flex-Fletch Pro for $24.99
z. January 8, 2024 purchase at Flex-Fletch Pro for $72.88
aa. January 8, 2024 purchase at Scenic Sports, Williston, ND for $134.41
bb. January 8. 2024 purchase at Sportsman's Warehouse, Williston, ND for $601.46;
cc. January 9, 2024 purchase at SP Bow Crew for $156.96
dd. January 9, 2024 at High Caliber for $274.62
ee. January 9, 2024 purchase at Lundemo Firearms for $1,393.06.
ff. January 11, 2024 purchase at Sportsman's Warehouse, Willinston, ND for $160.63
gg. January 17, 2024 purchase at Sportsman's Warehouse, Willinston, ND for $254.33
hh. January 22, 2024 purchase at Quality Archery for $89.42
ii. January 29, 2024 purchase at Sportsman's Warehouse for $225.86
jj. January 29, 2024 purchase at Scenic Sports, Williston, ND for $1,436.37

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E62624DB48

Interrogatory 14.        Identify all purchases you made of RV accessories from RV and RV accessory stores between September 28, 2021 and January 9, 2024. For each purchase, state the date, amount, items purchased, and source of funds used for the purchase and current location of the items purchased. Your response should include, but not be limited to, the following purchases:

a) July 7, 2023 purchase at Rugby Homes and RV for $429.48;
b) July 10, 2023 purchase at Rough Rider RV for $1,322.73;
c) July 11, 2023 purchase at Capital RV of Minot for $682.57;
d) July 28, 2023 purchase at Rough Rider RV for $323.65;
e) July 31, 2023 purchase at Amunrud's RV in Sydney, MT for $326.85;
f) August 7, 2023 purchase at RV Upgrades for $787.54;
g) November 8, 2023 purchase at Big Rig Friendly for $884.70;
h) December 4, 2024 purchase at Big Rig Friendly for $928.88; and
i) January 2, 2024 purchase at Big Rig Friendly for $947.80.

Answer:        Between September 28, 2021 and January 9, 2024, I made several purchases from RV and RV accessory stores, including those listed below. These purchases consisted of various parts and accessories used to repair and make a fifth wheel camper trailer livable. The trailer was loaned to me for use during trips to the South to visit and assist sick family members. The items purchased included, but were not limited to, replacement parts, fixtures, utility accessories, and comfort-related components necessary to make the camper functional and suitable for extended use. The source of funds for these purchases was my personal and/or business income. I do not have a complete itemized record of each purchase. Items purchased were either installed on the camper, remain in my possession, or have since been used or disposed of in the ordinary course of use.  I am in the process of reviewing financial statements and will supplement this answer if additional itemized purchase details become available. The purchased include the following:

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E2E24D54E

1. July 7, 2023 purchase at Rugby Homes and RV for $429.48;
2. July 10, 2023 purchase at Rough Rider RV for $1,322.73;
3. July 11, 2023 purchase at Capital RV of Minot for $682.57;
4. July 28, 2023 purchase at Rough Rider RV for $323.65;
5. July 31, 2023 purchase at Amunrud's RV in Sydney, MT for $326.85;
6. August 7, 2023 purchase at RV Upgrades for $787.54;
7. November 8, 2023 purchase at Big Rig Friendly for $884.70;
8. November 10, 2023 purchase at Tonys RV parts for $52.97
9. December 4, 2023 purchase at Big Rig Friendly for $928.88;
10. December 29, 2023 Big Rig Friendly for $10.00
11. January 2, 2024 purchase at Big Rig Friendly for $947.80.
12. January 4, 2024 purchase at Big Rig Friendly for $25.00

Interrogatory 15.    Provide details about the 2020 Aero AETL trailer purchased in November 2023, including the purchase price, source of funds for the purchase, current location and owner of the trailer, and explain why this purchase was not disclosed in your bankruptcy filings.

Answer:    The 2020 Aero AETL trailer was acquired in November 2023. The estimated value at the time of acquisition was approximately $3,500.00. I am the current owner of the trailer, and it is presently located in my possession. The trailer was not included in my initial Chapter 13 bankruptcy filing because I did not take possession of it until after the original case was filed. The trailer was not purchased with cash; rather, it was transferred to me in partial satisfaction of a debt owed to me. Because I acquired the trailer post-petition and took possession of it after the Chapter 13 filing, but prior to the conversion to Chapter 7, it was later disclosed in the amended filings submitted following the conversion.

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E6E640b048

Interrogatory 16.        Identify the name, address and telephone number of the owner of the fifth wheel camper and the year, make and model of the camper that you testified to using during your trips to South Carolina, as identified during your 341 Meeting.

Answer:            I am currently in the process of gathering the requested information regarding the fifth wheel camper used during my trips to South Carolina, including the name, address, and telephone number of the owner. I will supplement this response as soon as the information becomes available.

Interrogatory 17.        Identify any agreements you had with the owner of the above-described fifth wheel camper relating to your use of the same.

Answer:            I had a verbal agreement with the owner of the fifth wheel camper that allowed me to borrow and use the camper for my personal use when I needed it. As part of that agreement, I was responsible for making certain repairs or improvements necessary for its use. There was no written contract, and no rent or lease payments were exchanged. The agreement was informal and based on mutual understanding.

### Requests for Production

Request 1.      Produce all documents, communications, and things identified or described in your answers to these Interrogatories.

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E526246D4E

Response.      Mr. Elliott objects to this Request on the grounds that it seeks information protected by the attorney/client privilege and the attorney work product doctrine. Subject to, and notwithstanding, the foregoing objection, responsive documents (if any), to the extent the same are in the possession, custody, and control of Mr. Elliott, and to the extent that the same are not protected by attorney/client privilege will be produced.

Request 2.      Produce all documents, communications, and things you referred to or utilized in answering these Interrogatories.

Response.      Mr. Elliott objects to this Request on the grounds that it seeks information protected by the attorney/client privilege and the attorney work product doctrine. Subject to, and notwithstanding, the foregoing objection, responsive documents (if any), to the extent the same are in the possession, custody, and control of Mr. Elliott, and to the extent that the same are not protected by attorney/client privilege will be produced.

Request 3.      Produce complete copies of your 2023 state and federal tax returns, including all schedules and attachments in support of those returns.

Response.      Mr. Elliot will produce responsive documents to the extent they are in his possession, custody, or control.

Request 4.      Produce complete copies of all of working papers for your 2020, 2021, 2022, and 2023 state and federal tax returns which you relied upon to report income and expenses for those tax returns.

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E626240D48

Response.    Mr. Elliott does not maintain formal tax workings papers. The returns were

prepared by a third-party tax preparer. To the extent any supporting documents are in Mr. Elliott's

possession, custody, or control, such documents will be produced.


Request 5.    Produce copies of all quotes and estimates for work you performed for your

business for which you were paid for the period of June 1, 2023, to the current date.


Response.    Responsive documents, to the extent the same are in the possession,

custody, or control of Mr. Elliott, will be produced.


Request 6.    Produce all invoices for work you performed for the months of February

through April of 2024.


Response.    Responsive documents, to the extent the same are in possession, custody, or

control of Mr. Elliott, will be produced.


Request 7.    Produce all documentation evidencing the source of all deposits into your

First International Bank account ending in 3588 occurring in the month of January 2024.


Response.    Responsive documents, to the extent the same are in possession, custody, or

control of Mr. Elliott, will be produced.

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E628224D48

Request 8.     Produce all documents relating to purchases of tools you made in 2021, including, but not limited to, receipts, invoices, and credit card statements.

Response.     Mr. Elliott does not maintain detailed receipts or invoices for tool purchases made in 2021. Responsive documents, to the extent the same are in possession, custody, or control of Mr. Elliott, will be produced.

Request 9.     Produce all documents relating to purchases of tools you made in 2022, including, but not limited to, receipts, invoices, and credit card statements.

Response.     Mr. Elliott does not maintain detailed receipts or invoices for tool purchases made in 2021. Responsive documents, to the extent the same are in possession, custody, or control of Mr. Elliott, will be produced.

Request 10.     Produce all documents relating to purchases of tools you made in 2023, including, but not limited to, receipts, invoices, and credit card statements.

Response.     Mr. Elliott does not maintain detailed receipts or invoices for tool purchases made in 2021. Responsive documents, to the extent the same are in possession, custody, or control of Mr. Elliott, will be produced.

Request 11.    Produce all documents relating to purchases you made at sporting goods stores September 28, 2021 to the present, including, but not limited to, receipts, invoices, and credit card statements. Your response should include, but not be limited to, the following purchases:

a) June 8, 2023 purchase at Big Boy's Toys in Watford City, ND for $1,384
b) July 12, 2023 purchase at Spartan Firearms in Minot, ND for $245;
c) October 10, 2023 purchase at Rack Jack Stand for $174.24;
d) October 19, 2023 purchase at Lundemo Firearms, Sydney, MT for $1,883.70;
e) October 27, 2023 purchase at Lundemo Firearms for $1,150.87;
f) November I, 2023 purchase at Scenic Sports, Williston, ND for $442.77;
g) November 3, 2023 purchase at Lundemo Firearms for $425.13;
h) December 13, 2023 purchase at Scenic Sports for $385.50;
i) January 8, 2024 purchase at Sportsman's Warehouse, Williston, ND for $601.46; and
j) January 9, 2024 purchase at Lundemo Firearms for $1,393.06.

Response.    Defendant does not maintain detailed receipts for the purchases listed. Responsive documents, to the extent the same are in possession, custody, or control of Mr. Elliott, will be produced.

Request 12.    Produce all documents relating to purchases you made of RV accessories from RV and RV accessory stores between September 28, 2021 and January 9, 2024, including, but not limited to, receipts, invoices, and credit card statements. Your response should specifically include, but not be limited to, the following transactions:

a) July 7, 2023 purchase at Rugby Homes and RV for $429.48;
b) July 10, 2023 purchase at Rough Rider RV for $1,322.73;
c) July 11, 2023 purchase at Capital RV of Minot for $682.57;
d) July 28, 2023 purchase at Rough Rider RV for $323.65;
e) July 31, 2023 purchase at Amunrud's RV in Sydney, MT for $326.85;
f) August 7, 2023 purchase at RV Upgrades for $787.54;
g) November 8, 2023 purchase at Big Rig Friendly for $884.70;
h) December 4, 2024 purchase at Big Rig Friendly for $928.88; and

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E626246D4E

i) January 2, 2024 purchase at Big Rig Friendly for $947.80.

Response.    Defendant does not maintain detailed receipts for the purchases listed. Responsive documents, to the extent the same are in possession, custody, or control of Mr. Elliott, will be produced.

Request 13.    Produce all documents relating to the purchase of the 2020 Aero AETL trailer in November 2023, including, but not limited to, the bill of sale, title, registration, and proof of payment.

Response.    Responsive documents, to the extent the same are in possession, custody and control of Mr. Elliott will be produced.

Request 14.    Produce all documents you relied upon in preparing your bankruptcy schedules and Statement of Financial Affairs in both your Chapter 13 and Chapter 7 cases.

Response.    Mr. Elliott objects to this Request on the grounds that it seeks information protected by the attorney/client privilege and the attorney work product doctrine. Specifically, to the extent Mr. Elliott relied upon correspondence with his counsel, the notes of his counsel, the drafts of his counsel, or similar material in preparing his schedules, and statement of financial affairs, the same are privileged in nature and outside the permissive scope of discoverable information.

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E026246D48

Request 15.    Produce any documents evidencing payments made on your mortgage(s) during the pendency of your Chapter 13 bankruptcy.

Response.    Responsive documents, to the extent the same are in the possession, custody, and control of Mr. Elliott, will be produced.

Request 16.    Produce all documents relating to the $73,445.96 HUD loan obtained in February 2024, including, but not limited to, the loan application, approval documents, and records of how the loan proceeds were used.

Response.    Responsive documents, to the extent the same are in the possession, custody, and control of Mr. Elliott, will be produced.

Request 17.    Produce all documents relating to tools purchased by you from September 28, 2021 to the present, including, but not limited to, receipts, invoices, credit card statements, and any appraisals or valuations of said tools.

Response.    Responsive document, to the extent the same are in the possession, custody, and control of Mr. Elliott, will be produced. Mr. Elliott does not maintain itemized receipts, invoices, or appraisals for tools purchased during this period.

Request 18.    Produce all communications between you and any financial institutions regarding loans, mortgages, or other financial transactions from September 28, 2021 to the present.

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E62B246D48

Response.      Responsive documents, to the extent the same are in the possession, custody and control of Mr. Elliott, and to the extent the same are not protected by the attorney/client privilege, will be produced.

Request 19.    Produce all documents relating to any vehicles owned, leased, or regularly used by you from September 28, 2021 to the present, including, but not limited to, titles, registration documents, loan documents, and insurance policies.

Response.      Responsive documents, to the extent the same are in the possession, custody, and control of Mr. Elliott, will be produced.

Request 20.    Produce all documents evidencing all transfers of money or property made to your children between September 28, 2020 and the present date.

Response.      Responsive documents, to the extent the same are in the possession, custody, and control of Mr. Elliott, will be produced.

Request 21.    Produce all communications with your daughter regarding the 2004 GMC Pickup you transferred in January of 2024.

Response.      Responsive documents, to the extent the same are in the possession, custody, and control of Mr. Elliott, will be produced.

Docusign Envelope ID: 724FA844-8A0E-4C9E-A0FF-48E626246D16

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge.

Dated: May 1, 2025,

Andy Elliott

Respectfully Submitted,

Dated: May 1, 2025

By:    /s/ Maurice B. VerStandig
       Maurice B. VerStandig, Esq.
       The Dakota Bankruptcy Firm
       1630 1st Avenue N
       Suite B PMB 24
       Fargo, North Dakota 58102-4246
       Phone: (701) 394-3215
       mac@dakotabankruptcy.com
       *Counsel for the Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of May, 2025, a copy of the foregoing was served

via e-mail to gene@kdlawpartners.com and heather@kdlawpartners.com.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

# KD LAW, PLLP

GENE W. DOELING*
KIP M. KALER*
ASA K. BURCK *
JOHN M. KRINGS JR.*
TAYLOR M. KUZNIA*
BRAD A. SINCLAIR - RETIRED
*LICENSED IN ND AND MN

3429 INTERSTATE BLVD.
P.O. BOX 9231
FARGO, ND 58106
(701) 232-8757
FAX (701) 232-0624



EXHIBIT
B

May 21, 2025

mac@dakotabankruptcy.com

Maurice VerStandig
The Dakota Bankruptcy Firm
1630 1st Avenue N, Suite B Pmb 24
Fargo, ND  58102

Re:     Doeling v. Elliott, et al.
        Adv. Case No. 24-07012

Mr. VerStandig,

I am working with the trustee on the above-referenced adversary action. We have reviewed Mr. Elliott's discovery responses and believe them to be insufficient and largely nonresponsive. Through this letter, the trustee requests that Mr. Elliott supplement his discovery responses and provide a date certain by which we can expect those supplemental responses.

The following is a non-exclusive list of the responses that the trustee deems to be particularly problematic.

Interrogatory 3 requires Mr. Elliott to: "Describe in detail all transfers of money or property you made to your children from September 28, 2020, to the present date. For each transfer, state the date, amount or value, recipient, purpose of the transfer, and source of funds or property transferred."

Mr. Elliott responds: "Subject to, and without waiving, the foregoing objection, Mr. Elliott answers as follows: Between September 28, 2020, and the present, I have made occasional transfers of money and personal property to my children. These transfers were customary gifts given for birthdays, Christmas, and graduations. The source of funds for any monetary gifts was my personal bank account and income. The amounts involved were nominal, and I do not presently recall specific dates, amounts, recipients, or itemized descriptions of the property transferred."

Mr. Elliott's answer acknowledges making multiple transfers to his children, but fails to identify *any* of those transfers. During Mr. Elliott's 341 Meeting, he testified as to having made several specific transfers which are not referenced herein. I would anticipate that these transfers, at the least, would be identified in greater detail now that Mr. Elliott is specifically aware that the trustee is requesting this information.

Interrogatories Nos. 4 and 5 inquire about Mr. Elliott's use of $6,500 of cash he withdrew during the month of November, 2023. Mr. Elliott's answer is nonresponsive. Instead, Mr. Elliott merely states his purported intent in withdrawing this cash. There is no indication as to how, or even whether, the money was actually spent. These withdrawals are particularly noteworthy in that they appear to have been made outside of the ordinary course of Mr. Elliott's business, and were made very shortly before his conversion from Chapter 13 to Chapter 7.

Interrogatories Nos. 6 through 9 are intended to discover more about the Debtor's tools. During his 341 Meeting, Mr. Elliott testified that, prior to 2021, he had very few tools, most of which were "off-brand." His tax returns for 2021 and 2022 indicate that he spent in excess of $60,000 on tools in two years. This leads to the conclusion that the purchase of so many tools would have been a significant acquisition outside of the ordinary course of business for Mr. Elliott, especially at a time when Mr. Elliott is in bankruptcy. To have *no* documentation of any of these purchases is suspect. In addition, Mr. Elliott's response, consistent with his 341 testimony, is that the valuation of the tools on his tax returns was determined by his tax preparer. However, the tax returns provided by Mr. Elliott indicate that the tax returns were "Self-Prepared." These are contradictory claims.

Interrogatory No. 13 requires Mr. Elliott to identify, and provide specific details for, all purchases he made at hunting, camping or sporting stores from 9/28/2021 until January 9, 2024. Mr. Elliott's response identifies purchases going back only to June 8, 2023 and indicates that during that 6-month period, Mr. Elliott purchased approximately $13,000 worth of sporting goods. It defies belief that Mr. Elliott would not be able to identify any of the products he purchased. During that same period, Mr. Elliott was apparently in arrears on his home mortgage. Please supplement Mr. Elliott's response to include all purchases during the identified period and please identify the specific purchases made during this period.

Interrogatory No. 14 is substantially similar to Interrogatory No. 13, but requests details as to Mr. Elliott's purchases from RV and RV accessory stores during the same period. Mr. Elliott's response is similarly insufficient in that he only identifies transactions made between July 7, 2023 and January 4, 2024 without identifying any of the actual purchases.

Interrogatory No. 16 asked for simple information: the name, address and telephone number of the owner of the fifth wheel camper used by Mr. Elliott, as well as the year, make and model of the camper. None of this information was provided by Mr. Elliott. It is suspect, to say the least, that Mr. Elliott cannot recall even the name of the person that is loaning him a fifth wheel camper at no cost and with no written agreement.

Maurice VerStandig
May 21, 2025
Page 2

Interrogatory No. 17 asks for additional information about the agreement regarding the fifth wheel camper. Mr. Elliott's response is, largely, non-responsive. He does state that the agreement was verbal and did not require that Mr. Elliott pay any rent for its use. What is unstated, though, are the actual terms of the agreement. Mr. Elliott claims he is to make "certain repairs or improvements necessary for its use." What repairs were required? What was the condition of the camper when Mr. Elliott took possession of it? Was the camper returned to the owner between uses, or did Mr. Elliott retain possession of the camper during the interim periods?

Mr. Elliott's document production is similarly insufficient.

As a starting point, Mr. Elliott's responses generally indicate that, to the extent the documents are in his "possession, custody, or control" they "will be produced." This response is vague in that it is not clear whether Mr. Elliott has produced the requested documents as part of these responses or whether he merely intends to produce them at a future time. Please confirm that these documents, to the extent they have been identified and located, have been produced. If any remain unproduced, please identify a date certain by which they will be produced.

Requests Nos. 15, 16 and 18 require the production of documents relating to the Elliotts' mortgages and their dealings with their financial institutions. This includes evidence of payments made on the Elliotts' mortgage(s) during the pendency of their chapter 13 bankruptcy, as well as all documents pertaining to the HUD loan obtained in February of 2024. Mr. Elliott's response contains only a Promissory Note and Subordinate Mortgage, neither of which are signed. Mr. Elliott's Answer to Interrogatory No. 11 states that the new mortgage "was initiated by Freedom Mortgage to address the arrears on [his] mortgage loan" and that the "loss mitigation option was offered by the mortgage company as part of their in-house servicing process to cure the delinquency of the mortgage loan." I would anticipate that there would be some communications between Freedom Mortgage Corporation and the Elliotts prior to their entering into this new mortgage. If any of those communications were made in writing, those should be produced. So, too, should any notices of default leading the Elliotts to enter into the new mortgage.

Request Nos. 19 through 21 contain no responsive documents, merely an indication that they "will be produced." Please provide a date certain by which these documents will be produced.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Asa K. Burck
Attorney at Law

Maurice VerStandig
May 21, 2025
Page 3

**EXHIBIT**

**C**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Advers

# UNITED STATES BANKRUPTCY COURT

### District of North Dakota

**RECEIVED**

MAY 30 2025

SEC. OF STATE

In re <u>Andy Baron Elliott & Sandra Leah Elliott</u>

Debtors

*(Complete if issued in an adversary proceeding)*

<u>Gene W. Doeling, as Bankruptcy Trustee</u>

Plaintiff

v.

<u>Andy Baron Elliott & Sandra Leah Elliott</u>

Defendants

Case No. <u>21-30420</u>

Chapter <u>7</u>

Adv. Proc. No. <u>24-07012</u>

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Blue Tech Diesel LLC**

*(Name of person to whom the subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Attached.**

| PLACE   KD Law, PLLP | DATE AND TIME |
|---|---|
| PO Box 9231 | |
| Fargo, ND 58106-9231 | June 17, 2025 by 11:00 a.m. |

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/27/2025

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* <u>Gene W. Doeling, as</u> <u>Bankruptcy Trustee</u>, who issues or requests this subpoena, are:  Kip M. Kaler, KD Law, PLLP, PO Box 9231, Fargo, ND 58106 kip@kdlawpartners.com   701-232-8757

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

   I declare under penalty of perjury that this information is true and correct.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

*Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

1. All federal income tax returns of this entity for 2021 through 2024.

2. All bookkeeping/accounting for this company for the period of 2021 through 2024.

3. All bank statements for all bank accounts in which this entity has an interest, for the period of 2021 through 2024.

4. All formation documents of this entity (articles of incorporation, partnership agreements, bylaws, operating agreements, etc.).

5. All documents evidencing the names and addresses of all members, shareholders, partners, and officers for the period of 2021 through 2024.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of North Dakota _____

In re Andy Baron Elliott & Sandra Leah Elliott
_____
Debtors

*(Complete if issued in an adversary proceeding)*

Gene W. Doeling, as Bankruptcy Trustee
_____
Plaintiff
v.
Andy Baron Elliott & Sandra Leah Elliott
_____
Defendants

Case No. 21-30420 _____

Chapter 7 _____

Adv. Proc. No. 24-07012 _____

**RECEIVED**

MAY 30 2025

SEC. OF STATE

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Whiteline Inc.
_____
*(Name of person to whom the subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Attached.**

| PLACE      KD Law, PLLP<br>PO Box 9231<br>Fargo, ND 58106-9231 | DATE AND TIME<br>**June 17, 2025 by 11:00 a.m.** |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/27/2025

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Gene W. Doeling, as Bankruptcy Trustee, who issues or requests this subpoena, are:  Kip M. Kaler, KD Law, PLLP, PO Box 9231, Fargo, ND 58106
kip@kdlawpartners.com   701-232-8757

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

 

                                    _____
                                              *Server's signature*

                                    _____
                                         *Printed name and title*

                                    _____
                                         *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding)(Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

*Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

1.  All federal income tax returns of this entity for 2021 through 2024.

2.  All bookkeeping/accounting for this company for the period of 2021 through 2024.

3.  All bank statements for all bank accounts in which this entity has an interest, for the period of 2021 through 2024.

4.  All formation documents of this entity (articles of incorporation, partnership agreements, bylaws, operating agreements, etc.).

5.  All documents evidencing the names and addresses of all members, shareholders, partners, and officers for the period of 2021 through 2024.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of North Dakota _____

In re  <u>Andy Baron Elliott & Sandra Leah Elliott</u>
                        Debtors

*(Complete if issued in an adversary proceeding)*

<u>Gene W. Doeling, as Bankruptcy Trustee</u>
                        Plaintiff
v.
<u>Andy Baron Elliott & Sandra Leah Elliott</u>
                        Defendants

Case No. <u>21-30420</u>

Chapter <u>7</u>

Adv. Proc. No. <u>24-07012</u>

**RECEIVED**

MAY 3 0 2025

SEC. OF STATE

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Blue Ink Energies, Inc.** _____
                        *(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Attached.**

| PLACE   KD Law, PLLP | DATE AND TIME |
|---|---|
| PO Box 9231 <br> Fargo, ND 58106-9231 | **June 17, 2025 by 11:00 a.m.** |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: *5/27/2025*

                        CLERK OF COURT

                                                    OR    _____
_____                              *Attorney's signature*
*Signature of Clerk or Deputy Clerk*

The name, address, email address, and telephone number of the attorney representing *(name of party)* <u>Gene W. Doeling, as</u>
<u>Bankruptcy Trustee</u>, who issues or requests this subpoena, are:  Kip M. Kaler, KD Law, PLLP, PO Box 9231, Fargo, ND 58106
                        kip@kdlawpartners.com   701-232-8757

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                              _____
                                                          *Server's signature*

                                              _____
                                                          *Printed name and title*

                                              _____
                                                          *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

(c) Place of compliance.

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
　(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises, at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
　*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
　*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
　*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

(g) Contempt. The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

*Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

1. All federal income tax returns of this entity for 2021 through 2024.

2. All bookkeeping/accounting for this company for the period of 2021 through 2024.

3. All bank statements for all bank accounts in which this entity has an interest, for the period of 2021 through 2024.

4. All formation documents of this entity (articles of incorporation, partnership agreements, bylaws, operating agreements, etc.).

5. All documents evidencing the names and addresses of all members, shareholders, partners, and officers for the period of 2021 through 2024.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

### District of North Dakota

In re Andy Baron Elliott & Sandra Leah Elliott
   Debtors

*(Complete if issued in an adversary proceeding)*

Gene W. Doeling, as Bankruptcy Trustee
   Plaintiff
            v.
Andy Baron Elliott & Sandra Leah Elliott
   Defendants

Case No. 21-30420

Chapter 7

Adv. Proc. No. 24-07012

RECEIVED
MAY 30 2025
SEC. OF STATE

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Blue Tech Diesel Inc.**

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Attached.**

| PLACE   KD Law, PLLP | DATE AND TIME |
|---|---|
| PO Box 9231 | **June 17, 2025 by 11:00 a.m.** |
| Fargo, ND 58106-9231 | |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/22/2025

   CLERK OF COURT

                                          OR

_____                    _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Gene W. Doeling, as Bankruptcy Trustee, who issues or requests this subpoena, are:  Kip M. Kaler, KD Law, PLLP, PO Box 9231, Fargo, ND 58106
kip@kdlawpartners.com   701-232-8757

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

1.  All federal income tax returns of this entity for 2021 through 2024.

2.  All bookkeeping/accounting for this company for the period of 2021 through 2024.

3.  All bank statements for all bank accounts in which this entity has an interest, for the period of 2021 through 2024.

4.  All formation documents of this entity (articles of incorporation, partnership agreements, bylaws, operating agreements, etc.).

5.  All documents evidencing the names and addresses of all members, shareholders, partners, and officers for the period of 2021 through 2024.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| In re: | ) | Bky. Case No.: 21-30420 |
| | ) | Chapter 7 |
| Andy Baron Elliott, | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| Gene W. Doeling as Bankruptcy Trustee, | ) | **AFFIDAVIT OF SERVICE** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Andy Baron Elliott, | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Defendants. | ) | Adversary No. 24-07012 |
| _____ | ) | |

I, Janae R. Kragero, being first duly sworn and under oath, depose and say: I am of legal age, a citizen of the United States and not a party to the action herein; that on the 2nd day of July, 2025, I served the following documents:

**MID DISCOVERY STATUS-PLAINTIFF/TRUSTEE'S ISSUES REGARDING DISCOVERY with Exhibits A, B, and C**

electronically through CM/ECF upon:

Mac VerStandig

Janae R. Kragero

Subscribed and sworn to before me this 2nd day of July, 2025.

NOTARY PUBLIC
Cass County, North Dakota

CHARITY GRUENEICH
Notary Public
State of North Dakota
My Commission Expires Oct. 22, 2026

CHARITY GRUENEICH
Notary Public
State of North Dakota
My Commission Expires Oct. 22, 2026