

# Patterson Dental Supply v. Pace

United States District Court for the District of Minnesota

November 5, 2020, Decided; November 5, 2020, Filed

Case No. 19-cv-1940 (JNE/LIB)

**Reporter**
2020 U.S. Dist. LEXIS 256767 *

Patterson Dental Supply, Inc., Plaintiff, v. Daniele Pace, et al., Defendants.

**Prior History:** Patterson Dental Supply v. Pace, 2019 U.S. Dist. LEXIS 238652, 2019 WL 12446424 (D. Minn., Dec. 19, 2019)

**Counsel:** [*1] For Patterson Dental Supply Inc., Patterson Dental Supply Inc., Plaintiff: Rebecca Kline, Kristin K Zinsmaster, Joseph W Hammell, Kristin Simonet, LEAD ATTORNEYS, Jones Day, Minneapolis, MN.

For Daniele Pace, Counter Claimant, Defendant: Stephen M Premo, Christopher W. Madel, LEAD ATTORNEYS, Madel PA, Minneapolis, MN; Mark N Parry, LEAD ATTORNEY, Moses & Singer LLP, New York, NY.

For Henry Schein Inc., Henry Schein Inc., Counter Claimant: Brooks F Poley, LEAD ATTORNEY, Winthrop & Weinstine PA, Mpls, MN; Stephen M Premo, Christopher W. Madel, LEAD ATTORNEYS, Madel PA, Minneapolis, MN; Mark N Parry, Daniel Hoffman, LEAD ATTORNEYS, PRO HAC VICE, Moses & Singer LLP, New York, NY; Abraham Skoff, LEAD ATTORNEY, PRO HAC VICE, Moses & Singer, New York, NY.

**Judges:** Hon. Leo I. Brisbois, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** Leo I. Brisbois

## Opinion

### ORDER

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636 and upon Defendants' Motion for a Protective Order. [Docket No. 220]. At the request of the parties, the undersigned took Defendants' Motion under advisement on the written submissions of the parties. (Order [Docket No. 230]). **[*2]**

For the reasons discussed herein, Defendants' Motion for a Protective Order, [Docket No. 220], is **GRANTED in part and DENIED in part**.

## I. Background

Plaintiff initiated the present case in the First Judicial District, County of Dakota, State of Minnesota. (Notice of Removal [Docket No. 1]). Defendant Pace removed the present case to this Federal Court on July 23, 2019. (Id.).

On December 20, 2019, Plaintiff, after being given leave of Court to do so, filed its Amended Complaint. (Amended Compl. [Docket No. 80]). Plaintiff's Amended Complaint names as Defendants Daniele Pace (Plaintiff's former employee), and Henry Schein, Inc. (Defendant Pace's new employer and one of Plaintiff's direct competitors). (Id.).

Plaintiff distributes dental supplies, equipment, and software to dental professionals across the United States. (Amended Compl., [Docket No. 80], at 1). In June 2013, Plaintiff hired Defendant Pace as a "CAD/CAM" or "CEREC" Specialist responsible for "working directly with territory sales representatives to provide specialized counseling and services to CAD/CAM customers." (Id. at 1-3). Defendant Pace "worked out of Patterson's Denver location and she had responsibilities throughout [*3] Colorado and portions of Wyoming." (Id. at 3). On February 9, 2018, during her employment with Plaintiff, Defendant Pace signed an Employment Agreement in which, Plaintiff alleges, Defendant Pace agreed to "keep in confidence and trust" all confidential and proprietary information. (Id. at 4).

On March 18, 2019, Defendant Pace terminated her employment with Plaintiff. (Amended Compl., [Docket No. 80], at 9). According to Plaintiff, Defendant Pace "immediately thereafter took a job with [Defendant] Henry Schein as Regional Sales Manager in the Denver market." (Id. at 9).

Plaintiff alleges that Defendant Pace breached her Employment Agreement in a number of ways, including breaching the confidentiality provisions, failing to return Plaintiff's property, breaching the non-solicitation provision, misappropriating Plaintiff's trade secrets, retaining trade secret information without authorization, and disclosing trade secret information in order to solicit Patterson customers. (Id. at 8-21). Plaintiff further avers that Defendant Pace, after the termination of her employment with Plaintiff, retained certain "Company Property," including several documents that contained Plaintiff's confidential [*4] information and trade secrets, and she "refused" to return certain "Company Property" after Plaintiff requested she do so. (Id.).

Based on its allegations, Plaintiff raises eight causes of action. (Amended Compl., [Docket No. 80], at 13-21). Specifically, Plaintiff asserts the following causes of action: Breach of Contract (Count I) against Defendant Pace; Misappropriation of Trade Secrets (Count II) against Defendants Pace and Henry Schein; Conversion (Count III) against Defendant Pace; Tortious Interference with Contractual Relationships (Count IV) against Defendants Pace and Henry Schein; Tortious Interference with Prospective Economic Advantage (Count V) against Defendants Pace and Henry Schein; Breach of Fiduciary Duty and Duty of Loyalty (Count VI) against Defendant Pace; Inducing, Aiding, and Abetting Breaches (Count VII) against Defendant Henry Schein; and Conspiracy (Count VIII) against Defendants Pace and Henry Schein. (Id.).

On August 3, 2020, Plaintiff served the Notice of Deposition of Daniele Pace upon her counsel. (Notice of Depo. [Docket No. 227-1]). Defendant Pace's deposition was scheduled to take place in person on August 20, 2020, in Colorado Springs, Colorado. ( [*5] Id.). Defendant Pace resides in Colorado.

Case 24-07012   Doc 32-2   Filed 09/25/25   Entered 09/25/25 23:16:40   Desc Exhibit
B - Patterson Dental Supply v. Pace   Page 3 of 10

Page 3 of 10

2020 U.S. Dist. LEXIS 256767, *5

On August 3, 2020, Plaintiff also noticed the deposition of Adam Hughes, a Henry Schein manager. (Notice of Depo [Docket No. 227-2]). Mr. Hughes' deposition was scheduled to take place in person on August 26, 2020, in Milwaukee, Wisconsin. (Id.). Mr. Hughes resides in Wisconsin.

On August 5, 2020, Defendants' counsel filed the present Motion for a Protective Order. [Docket No. 220]. Through their Motion, Defendants seek an Order of this Court requiring that all "depositions in this Action . . . be conducted via videoconference" in accordance with several proposed rules as delineated by Defendants in their Motion. (Defs.' Mot. [Docket No. 220]).

## II. Standard of Review

Federal Rule of Civil Procedure 26(b)(1) states:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Courts **[*6]** generally have construed Rule 26(b)(1) broadly. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978); see, Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992) (Rule 26 "is liberal in scope and interpretation, extending to those matters which are relevant"). Oral depositions are one way parties may obtain said relevant information. See, Fed. R. Civ. P. 30.

Rule 26(c) allows the Court, upon a showing of good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c). "The party seeking the order . . . bears the burden of establishing the requisite 'good cause.'" Northbrook Digital, LLC v. Vendio Servs., 625 F. Supp. 2d 728, 734 (D. Minn. 2008); Shukh v. Seagate Tech., LLC, 295 F.R.D. 228, 237 (D. Minn. 2013).

Separately, Rule 30(b)(4) provides that the Court may order "that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). Courts have broad discretion in the handling of discovery issues and in crafting protective orders. See, e.g., Hill v. Sw. Energy Co., 858 F.3d 481, 484 (8th Cir. 2017); Bison Advisors, LLC v. Kessler, No. 14-cv-3121 (DSD/SER), 2015 U.S. Dist. LEXIS 96740, 2015 WL 4509158, *2 (D. Minn. July 24, 2015) (citing Pavlik v. Cargil, Inc., 9 F.3d 710, 714 (8th Cir. 1993)); Inline Packaging, LLC v. Graphic Packaging Int'l, Inc., No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, 2018 WL 9919939, at *4 (D. Minn. Jan. 23, 2018).

## III. Defendants' Motion for a Protective Order. [Docket No. 220].

As observed above, Defendants seek an Order of this Court requiring that all "depositions in this Action . . . be conducted via videoconference" in accordance with several proposed rules as delineated by Defendants in their Motion. (Defs.' Mot. [Docket No. 220]). Although Defendants seek an Order of this Court requiring that all future deposition in **[*7]** the present case be conducted by videoconference absent further Court Order, Defendants' actual arguments now before the Court focus solely on the previously

Case 24-07012   Doc 32-2   Filed 09/25/25   Entered 09/25/25 23:16:40   Desc Exhibit
B - Patterson Dental Supply v. Pace   Page 4 of 10

Page 4 of 10

2020 U.S. Dist. LEXIS 256767, *7

noticed depositions of Defendant Pace and non-party Adam Hughes, a Henry Schein manager. (See, Defs.' Mem. [Docket No. 223]).

Defendants argue that the circumstances surrounding the present COVID-19 pandemic represent good cause to support the issuance of a protective Order requiring the depositions of Defendant Pace and Mr. Hughes to take place through videoconference. (See, Id.). In support of this argument, Defendants assert that while the deposition of Defendant Pace would take place relatively near her residence, it would still require her to sit for several hours in a room with several other persons. (See, Id. at 6-7). Defendant Pace submitted her sworn declaration indicating she is "not comfortable sitting for [her] deposition" in the presence of several other people "in the midst of the current pandemic . . . ." (Def. Pace Decl. [Docket No. 225]). Defendant Pace's declaration provides that since the second week of March 2020, she has been working remotely from home, although she has "occasionally performed work outside [*8] of [her] home" when it was a "business necessity." (Id.). Defendant Pace resides with her husband and two children. (Id.).

Defendants further assert that both depositions create unnecessary risk given the interstate travel required by their counsel. Defendant Pace's counsel, Mr. Premo, resides in Minneapolis, Minnesota, and if Defendant Pace's deposition were to take place in-person, he would be required to travel, likely by air, to Colorado Springs, Colorado and to stay at a hotel. (Premo Decl., [Docket No. 227], at 2-3). In addition, if Mr. Premo were to travel to and attend the deposition of Defendant Pace in person, then Mr. Premo anticipates that he would have to quarantine for approximately fourteen days before returning to his personal residence due to his spouse having recently given "birth to [their] first child" on June 7, 2020. (Id.). Defendant Henry Schein's counsel, Mark Parry, as well as, Plaintiff's counsel would also be required to travel, likely via air, to Colorado Springs, Colorado, from Connecticut and Minneapolis, Minnesota, respectively.

Further, if Mr. Hughes' in-person deposition were to proceed in-person in Milwaukee, Wisconsin, then Defendant Henry Schein's [*9] counsel, Mark Parry, who will represent Mr. Hughes at his deposition, will also be required to travel, again likely by air, from Connecticut and to stay at a hotel. (Parry Decl. [Docket No. 224]). Mr. Parry submitted a sworn declaration which provides he is sixty-six years of age, and he is in a category considered to be at risk for COVID-19 complications due to his age. (Id.). Moreover, pursuant to state executive orders in place in Connecticut, Mr. Parry would be required to self-quarantine for fourteen days upon his return to Connecticut. (Id.). (citing https://portal.ct.gov/Coronavirus/travel). Plaintiff's counsel and Defendant Pace's counsel, Mr. Premo, would be required to engage in similar travel, if Mr. Hughes' deposition were to be conducted in person.

Plaintiff contends that Defendants cannot demonstrate good cause to conduct the depositions remotely because in-person depositions can be safely conducted under Plaintiff's proposed protocol. (See, Plf.'s Mem. [Docket No. 232]). Plaintiff asserts that it has "ensured that both depositions will be conducted with a variety of recommended precautions in place, including social distancing, wear of masks, and frequent sanitization." [*10] (See, Id. at 11). Plaintiff also notes that when the parties previously sought and received an extension of the deadlines in the scheduling Order in this case, the parties all contemplated the need for in-person depositions. (See, Id. at 1).

Regarding the specific objections of Defendants' counsel, Mr. Premo and Mr. Parry, Plaintiff argues those objections can be alleviated by other counsel of record attending the depositions in the place of Mr. Premo

Case 24-07012    Doc 32-2    Filed 09/25/25    Entered 09/25/25 23:16:40    Desc Exhibit B - Patterson Dental Supply v. Pace    Page 5 of 10

Page 5 of 10
2020 U.S. Dist. LEXIS 256767, *10

and Mr. Parry. (See, Id.). Plaintiff suggests that in the alternative Mr. Premo and Mr. Parry can attend the depositions by videoconference while all other parties physically appear. (See, Id.).

As Courts in this District and across the country have recognized during the current pandemic, "leave to take depositions by remote means should be granted liberally." List v. Carwell, No. 18-cv-2253 (DSD/TNL), 2020 U.S. Dist. LEXIS 187986, 2020 WL 5988514, at *8 (D. Minn. Oct. 9, 2020) (quoting Swenson v. GEICO Casualty Company, No. 2:19-cv-1639 (JCM/NJK), 336 F.R.D. 206, 2020 WL 4815035, at *2 (D. Nev. Aug. 19, 2020)); see, e.g., In re Broiler Chicken Antitrust Litig., No. 1:16-cv-8637, 2020 U.S. Dist. LEXIS 111420, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020) ("Courts have long held that leave to take remote depositions pursuant to Rule 30(b)(4) should be granted liberally."). "Courts possess wide discretion in determining the manner for taking depositions, including whether they should take place by remote means." Swenson, 336 F.R.D. 206, 2020 WL 4815035, at *3 (collecting cases). Courts considering a request for [*11] a deposition to be conducted remotely have utilized a two-step analysis. See, e.g., List, 2020 U.S. Dist. LEXIS 187986, 2020 WL 5988514, at *8; Swenson, 336 F.R.D. 206, 2020 WL 4815035, at *2), In re Broiler Chicken, 2020 U.S. Dist. LEXIS 111420, 2020 WL 3469166, at *7-8.

First, the party seeking an Order that the deposition be conducted remotely "must advance a legitimate reason for seeking a remote deposition. Second, if that foundational showing is made, then the burden shifts to the opposing party to make a particularized showing that conducting the deposition by remote means would be prejudicial." List, 2020 U.S. Dist. LEXIS 187986 2020 WL 5988514, at *8 (quoting Swenson, 336 F.R.D. 206, 2020 WL 4815035, at *2), see, In re Broiler Chicken, 2020 U.S. Dist. LEXIS 111420, 2020 WL 3469166, at *7.

In considering whether or not the circumstances surrounding the present COVID-19 pandemic represent the requisite foundational showing of a legitimate reason or good cause to permit a deposition to be taken remotely, there is no question that it does. The overwhelming majority of Courts, in this District and across the nation, have determined that the risks associated with travel to and from, as well as, sitting for in-person depositions during this time of pandemic represents legitimate reasons to require a deposition be taken by remote means. See, e.g., List, 2020 U.S. Dist. LEXIS 187986, 2020 WL 5988514, at *8-10; Grupo Petrotemex, S.A. de C.V. v. Polymetrix AG, No. 16-cv-2401 (SRN/HB), 2020 U.S. Dist. LEXIS 130391, 2020 WL 4218804, at *2 (D. Minn. July 23, 2020) (overruling nonmoving party's objection to magistrate judge's order granting movant's request for an Order requiring depositions to take place by remote means); Learning Resources, Inc. v. Playgo Toys Enterprises, Ltd., 335 F.R.D. 536 (N.D. Ill. 2020).

"COVID-19 'is a potentially [*12] fatal illness with the ability to spread through asymptomatic or pre-symptomatic carries, with no approved cure, treatment, or vaccine, and unlike in other countries, new cases here are plateauing (or, in some areas, rising) rather than plummeting.'" Rouviere v. DePuy Orthopaedics, Inc., No. 1:18-cv-4814 (LJL/SDA), 471 F. Supp. 3d 571, 2020 WL 3967665, at *3 (S.D.N.Y. July 11, 2020) (quoting Joffe v. King & Spalding LLP, No. 17-cv-3392 (VEC), 2020 U.S. Dist. LEXIS 111188, 2020 WL 3453452, at *7 (S.D.N.Y. June 24, 2020)). "Due to the COVID-19 pandemic, conducting depositions remotely has become the 'new normal.'" Grupo Petrotemex, S.A. de C.V. v. Polymetrix AG, No. 16-cv-2401 (SRN/HB), 2020 U.S. Dist. LEXIS 130391, 2020 WL 4218804, at *2 (D. Minn. July 23, 2020) (quoting In re Broiler Chicken, 2020 U.S. Dist. LEXIS 111420, 2020 WL 3469166, at *5 ("Courts are beginning to recognize that a 'new normal' has taken hold throughout the country in the

Case 24-07012    Doc 32-2    Filed 09/25/25    Entered 09/25/25 23:16:40    Desc Exhibit B - Patterson Dental Supply v. Pace    Page 6 of 10

Page 6 of 10
2020 U.S. Dist. LEXIS 256767, *12

wake of the COVID-19 pandemic that may necessitate the taking of remote depositions unless litigation is going to come to an indefinite halt until there is a cure or a vaccine for COVID-19.")). In response to the COVID-19 pandemic, Courts have permitted remote depositions during the pandemic "build[ing] on pre-pandemic case law that liberally allowed for and encouraged remote depositions as the technology for taking depositions in that way has improved significantly over time." Grupo Petrotemex, 2020 U.S. Dist. LEXIS 130391, 2020 WL 4218804, at *2 (quoting In re Broiler Chicken, 2020 U.S. Dist. LEXIS 111420, 2020 WL 3469166, at *5).

Regarding the depositions of Defendant Pace and Mr. Hughes, the risk associated with COVID-19 pandemic represent a "legitimate reason" to conduct these depositions by remote means. See, e.g., List, 2020 U.S. Dist. LEXIS 187986, 2020 WL 5988514, at *8-10; Grupo Petrotemex, S.A. de C.V. v. Polymetrix AG, No. 16-cv-2401 (SRN/HB), 2020 U.S. Dist. LEXIS 130391, 2020 WL 4218804, at *2 (D. Minn. July 23, 2020); Learning Resources, Inc. v. Playgo Toys Enterprises, Ltd., 335 F.R.D. 536 (N.D. Ill. 2020). The risks recognized by other Courts remain **[*13]** prevalent and are applicable to the circumstances of the present case.

Although Defendant Pace's deposition is proposed to take place near her residence, even attending that in-person deposition would require her to sit in a room with at least four other people, many of whom would have just engaged in cross country travel, thereby exposing herself and her family to the potential of the COVID-19 virus. Defendant Pace's counsel would expose himself and his family to similar risks, if Defendant Pace's deposition were to proceed in-person. As observed above, Defendant Pace's counsel would be required to travel from Minneapolis, Minnesota, to Colorado Springs, Colorado, which would necessarily involve several unavoidable encounters with strangers which increase his risk of exposure to the COVID-19 virus. See, Grupo Petrotemex, 2020 U.S. Dist. LEXIS 130391, 2020 WL 4218804, at *2 (explaining that travel to and from depositions requires several interactions which increase the risk of exposure to the COVID-19 virus). Defendant Henry Schein's counsel would likewise be required to travel from Connecticut thereby exposing himself to these same risks.

Similar risks are associated with permitting Mr. Hughes' deposition to proceed in-person. Here again, Defendant Pace's **[*14]** counsel would need to travel from Minnesota to Wisconsin for an in-person deposition. Mr. Hughes' counsel, Mr. Parry, would also be required to travel from Connecticut to Milwaukee, Wisconsin, thereby subjecting himself to the recognized exposure risks associated with such travel. Further, Mr. Parry has submitted a sworn declaration indicating that his age places him in a category considered at higher risk for complications regarding the COVID-19 virus. Other Courts have recognized placement into at-risk categories, such as increased age, to represent a legitimate reason to permit a deposition be conducted remotely. See, e.g., List, 2020 U.S. Dist. LEXIS 187986, 2020 WL 5988514, at *8-10. Moreover, after Mr. Parry travelled to either Colorado or Wisconsin, upon his return he would be required to quarantine for at least fourteen days pursuant to a state executive order in place in Connecticut.

Plaintiff argues that the risks associated with the COVID-19 pandemic do not represent good cause to conduct the depositions remotely because Plaintiff has arranged for a large conference room where the parties can maintain distance at a facility which has taken sanitation precautions. The Plaintiff is wrong.

First, neither Rule 30 nor any controlling caselaw highlighted **[*15]** by Plaintiff actual requires "good cause" for a deposition to be conducted remotely. See, Fed. R. Civ. P. 30(b)(4). "[A]lthough some courts speak colloquially about whether there is 'good cause' to take remote depositions allowed by Rule

Case 24-07012 Doc 32-2 Filed 09/25/25 Entered 09/25/25 23:16:40 Desc Exhibit B - Patterson Dental Supply v. Pace Page 7 of 10

Page 7 of 10

2020 U.S. Dist. LEXIS 256767, *15

30(b)(4), the Rule does not literally require the existence of good cause. Rather, it appears to leave it to the court's broad discretion under all the facts and circumstances of a given case." In re Broiler Chicken, 2020 U.S. Dist. LEXIS 111420, 2020 WL 3469166, at *7 (citing Roberts v. Homelite Div. of Textron, Inc., 109 F.R.D. 664, 666 (N.D. Ind. 1983)).

Second, Plaintiff's focus solely on the precautions taken at the Colorado deposition sites themselves which does not diminish the serious risks associated with travel to and from the depositions sites. As another Court in this District has observed, between the "start and end points, travelers must find transportation to and from airports, interact with security personnel, airline personnel, and other travelers, sit in relatively close proximity to other travelers on airplanes, and stay in hotels." Grupo Petrotemex, 2020 U.S. Dist. LEXIS 130391, 2020 WL 4218804, at *2. Moreover, Courts have observed that "even with the protection of masks and social distancing, an in-person deposition generally requires the participants to sit in a shared, enclosed space for prolonged periods of time," and "the hardship that would be caused to [witness(es) and counsel] **[*16]** by an in-person deposition is obvious" because "social distancing does not guarantee a safe deposition environment." Id. (quoting Joffe v. King & Spalding LLP, No. 17-cv-3392 (VEC), 2020 U.S. Dist. LEXIS 111188, 2020 WL 3453452, at *7 (S.D.N.Y. June 24, 2020)).[1]

The undersigned finds that Defendants have readily demonstrated legitimate reasons for remotely conducting the depositions of Defendant Pace and Mr. Hughes.

This does not, however, end this Court's inquiry. The burden now shifts to Plaintiff, as the party resisting a remote deposition, "to make a particularized showing that conducting the deposition by remote means would be prejudicial." List, 2020 U.S. Dist. LEXIS 187986, 2020 WL 5988514, at *8 (quoting Swenson, 336 F.R.D. 206, 2020 WL 4815035, at *2), see, In re Broiler Chicken, 2020 U.S. Dist. LEXIS 111420, 2020 WL 3469166, at *7.

Plaintiff argues that it would be prejudiced by being required to conduct depositions by remote means because a deposition by "remote means would significantly impair [Plaintiff's] ability to evaluate the deponents' credibility, demeanor, and persuasiveness." (See, Plf.'s Mem., [Docket No. 232], at 16-18). Plaintiff also asserts that requiring it "to complete depositions remotely via videoconference would present an extreme disadvantage with regards to the presentation and use of documents." (Id. at 18).

The Court finds unpersuasive Plaintiff's superficial and pro forma arguments. As discussed below, Courts in the time of the present pandemic have previously **[*17]** rejected each of Plaintiff's arguments.[2]

The Court first addresses Plaintiff's assertion that a deposition by remote means will hinder Plaintiff's ability to evaluate a deponent's credibility. This argument has been soundly rejected by various Courts.

---

[1] The Court further notes that it gives no credence whatsoever to Plaintiff's argument that in-person depositions are appropriate because conditions are improving, and some public health authorities are permitting small gatherings of people. One need only read local newspapers across the country or watch the national evening news on any network to know that conditions are not improving. It is folly to suggest otherwise; just ask the more than 100,000 Americans diagnosed with COVID-19 cases on November 4, 2020, alone.

[2] The undersigned also finds unpersuasive both Plaintiff's speculative argument that a deponent in a remote deposition could be coached without the knowledge of other parties, as well as, Plaintiff's speculative argument that a remote deposition could create a circumstance where a party to the deposition could permit unauthorized persons to listen to a deposition without the knowledge of the other parties. The undersigned finds further unpersuasive Plaintiff's speculative assertion that a remote deposition could possibly be hindered by unspecified technological issues. These possible technological issues are "not a reason to prevent remote deposition from occurring." In re Broiler Chicken, 2020 U.S. Dist. LEXIS 111420, 2020 WL 3469166, at *4.

Case 24-07012  Doc 32-2  Filed 09/25/25  Entered 09/25/25 23:16:40  Desc Exhibit B - Patterson Dental Supply v. Pace  Page 8 of 10

Page 8 of 10

2020 U.S. Dist. LEXIS 256767, *17

See, e.g., Learning Resources, Inc. v. Playgo Toys Enterprises, Ltd., 335 F.R.D. 536, 539 (N.D. Ill. 2020) (collecting cases). "'[R]emote depositions are a presumptively valid means of discovery' even without the in-person interaction, and many courts have held that remote videoconference depositions offer the deposing party a sufficient opportunity to evaluate a deponent's nonverbal responses, demeanor, and overall credibility." Id. (internal citation omitted). This is especially true given that "the technology for taking depositions [remotely] has improved significantly over time." Grupo Petrotemex, 2020 U.S. Dist. LEXIS 130391, 2020 WL 4218804, at *2 (quoting In re Broiler Chicken, 2020 U.S. Dist. LEXIS 111420, 2020 WL 3469166, at *5).

Further, Plaintiff's ability to evaluate a deponent's credibility would ostensibly be greater in a deposition by remote means where the deponent need not obscure their face because in contrast at an in-person deposition they would be required to wear a mask at all times. As another Court in this District observed when addressing the argument that a remote deposition limits counsel's ability to evaluate credibility, "[i]f the lack of being **[*18]** physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless." Grupo Petrotemex, 2020 U.S. Dist. LEXIS 130391, 2020 WL 4218804, at *3 (alternation in original) (quoting Rouviere v. DePuy Orthapaedics, Inc., 1:18-cv-4814 (LJL/SDA), 471 F. Supp. 3d 571, 2020 WL 3967665, at *4 (S.D.N.Y. July 11, 2020).

The Court also finds unpersuasive Plaintiff's assertion that a remote deposition would present a disadvantage with regards to the presentation and use of documents. Plaintiff argues this disadvantage represents sufficient prejudice alone to require in-person depositions. Here too Plaintiff misses the mark; Courts have soundly rejected this argument. See, e.g., Grupo Petrotemex, 2020 U.S. Dist. LEXIS 130391, 2020 WL 4218804, at *3-4; Rouviere, 471 F. Supp. 3d 571, 2020 WL 3967665, at *4. The Court is confident the parties will act as professional adults and that they can work together to ensure a practicable, effective manner of presenting and viewing the required documents. Even in "document intensive" cases, "courts have found that exhibits can be managed in remote depositions by sending Bates-stamped exhibits to deponents prior to the depositions or using modern videoconference technology to share documents and images quickly and conveniently." Rouviere, 471 F. Supp. 3d 571, 2020 WL 3967665, at *3; see, Grupo Petrotemex, 2020 U.S. Dist. LEXIS 130391, 2020 WL 4218804, at *3-4.

On the record now before the Court, the undersigned finds that Plaintiff has failed to demonstrate a particularized showing that conducting the depositions of Defendant Pace or **[*19]** Mr. Hughes by remote means would be prejudicial.

Therefore, to the extent Defendants' Motion for Protective Order, [Docket No. 220], seeks an Order of this Court requiring the depositions of Defendant Pace and Mr. Hughes to occur by videoconference, Defendants' Motion for Protective Order, [Docket No. 220], is **GRANTED**.

This is not, however, the complete extent of the relief sought in Defendants' Motion. Defendants also seek an Order of this Court requiring that all future depositions in this case be conducted by remote means until further Order of the Court. Defendants do not, however, offer any specific argument in support of this sweeping request; instead, Defendants' arguments now before the Court are focused solely on the depositions of Defendant Pace and Mr. Hughes.

As discussed above, when determining whether or not to permit a deposition to be conducted by remote means, Courts employ a two-step process which weighs the asserted reasons for conducting the deposition

Case 24-07012 Doc 32-2 Filed 09/25/25 Entered 09/25/25 23:16:40 Desc Exhibit B - Patterson Dental Supply v. Pace Page 9 of 10

Page 9 of 10

2020 U.S. Dist. LEXIS 256767, *19

remotely against the perceived particularized prejudice in conducting the deposition remotely. The Court cannot complete this two-step process regarding every hypothetical, future deposition. The circumstances surrounding **[\*20]** the COVID-19 pandemic into the new year cannot now be known, and the Court cannot speculate as to any future particularized prejudice. Therefore, to the extent Defendants' Motion seeks an Order of this Court requiring that all future depositions be conducted by remote means, Defendants' Motion for Protective Order, [Docket No. 220], is **DENIED without prejudice**.

Defendants also seek an Order of this Court delineating certain rules which must be followed during the remote depositions. Specifically, Defendants seek an Order containing the following provisions:

> 1. Unless otherwise stipulated to by all parties in this Action, the depositions in this Action shall be conducted via videoconference until further Order by this Court.
> 2. The applicable Federal Rules of Civil Procedure and Local Rules for the District of Minnesota shall be followed at all times. This includes, but is not limited to, the prohibition on speaking objections, provided that counsel for the deponent may provide instruction to the extent necessary to prevent the disclosure of privileged information.
>
> 3. The court reporter for a deposition conducted via video conference may administer the oath or affirmation to the deponent **[\*21]** remotely.
> 4. Only the parties to the subject lawsuit, their representative counsel and counsel for the witness shall be allowed to participate in the video conference deposition. No other individual may participate in the video conference deposition without the prior written consent of all counsel. This restriction includes both not allowing an individual to appear on the video conference platform and/or being present within the room where the an [sic] attendee is viewing the video conference deposition.
> 5. The court reporter's transcript shall serve as the official record of the witness's testimony. Should circumstances arise which renders the court reporter's transcript unavailable, then a new transcript can be created by use of the video recording of the deposition.
> 6. Any deposition taken by means of video conference shall be conducted using Zoom, WebEx or a similar videoconferencing platform equipped with the ability to video record the deposition. The court reporter shall serve as the host of the video conference as provided by the videoconferencing platform.
>
> 7. As the host of the video conference, the court reporter shall video record the witness using the recording function of **[\*22]** the videoconferencing platform. Alternatively, if the deposing party uses a videographer, such videographer may control the recording function of the platform. The court reporter or videographer, as the case may be, shall also announce each time he/she has activated and deactivated the record function on the videoconferencing platform.
> 8. The video recording of the deposition created by use of the recording function of the videoconferencing platform shall be deemed the equivalent of a video recording made by a videographer and shall be available for use in trial as though prepared by a videographer.
> 9. At no time during the deposition shall any counsel text, message, email, or transmit any messages to the witness(es) in order to help such witness(es) respond to any and all questions.
> 10. Before the witness is sworn, all cellphones shall be placed in the silent mode. All parties and counsel will disable notifications on their devices to avoid disruption of the audio and video stream during the deposition.

Case 24-07012 Doc 32-2 Filed 09/25/25 Entered 09/25/25 23:16:40 Desc Exhibit B - Patterson Dental Supply v. Pace Page 10 of 10

Page 10 of 10

2020 U.S. Dist. LEXIS 256767, *22

> 11. The witness and all counsel or parties appearing on the record shall state their appearances clearly for the record, and they shall not disable their cameras during the deposition **[*23]** unless there is a break or unless they are necessarily appearing by telephone.
>
> 12. All documents or other exhibits used must be shared with all participants when introduced on the record via the share screen, or similar feature on the platform and attached as an exhibit to the deposition, and simultaneously sent to counsel via email.
>
> In the unlikely event that a witness cannot access the Zoom, WebEx or similar platform or if the connection is lost, the deposition may proceed via Zoom or WebEx and the witness participate telephonically.

(Defs.' Mot. [Docket No. 220]). Here again, Defendants fail to offer any specific argument in support of the adoption of these rules.

Defendants fails to proffer any reasons as to why the Federal Rules of Civil Procedures, the Local Rules for this District, and cases decided under applicable rules for the taking of depositions are insufficient to control during the video depositions of Defendant Pace and Mr. Hughes. As with all depositions, the parties are expected to conduct the depositions of Defendant Pace and Mr. Hughes in accordance with all applicable rules. Therefore, to the extent Defendants Motion seeks an Order of this Court specifically delineating **[*24]** its own unilateral rules for governing remote depositions, Defendants' Motion for Protective Order, [Docket No. 220], is **DENIED**.

## IV. Conclusion

Therefore, for the foregoing reasons, and based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

> **1**. Defendants' Motion for a Protective Order, [Docket No. 220], is **GRANTED in part and DENIED in part**, as set forth herein;[3]
>
> **2**. The deposition of Defendant Pace shall be conducted via videoconference in accordance with the Federal Rules of Civil Procedure and the Local Rules for this District; and
>
> **3**. The deposition of Adam Hughes shall be conducted via videoconference in accordance with the Federal Rules of Civil Procedure and the Local Rules for this District.

Dated: November 5, 2020

/s/ Leo I. Brisbois

Hon. Leo I. Brisbois

U.S. MAGISTRATE JUDGE

---

**End of Document**

---

[3] To the extent relief is not expressly provided for herein, the request for that relief is denied.