UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re:<br>Andy Baron Elliott,<br>Sandra Leah Elliott,<br>　　　　Debtors. | )<br>)<br>)<br>)<br>)<br>) | Bky. Case No. 21-30420<br>Chapter 7 |
| Gene W. Doeling as Bankruptcy Trustee,<br>　　　　Plaintiff,<br>　v.<br>Andy Baron Elliott,<br>Sandra Leah Elliott,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **RESPONSE TO ELLIOTTS' MOTION FOR PROTECTIVE ORDER**<br><br>Adversary No. 24-07012 |

Gene W. Doeling, by and through his attorney, in response to Andy Elliott ("Mr. Elliott") and Sandra Elliott's ("Mrs. Elliott") (collectively, the "Elliotts" or the "Debtors") Motion for Entry of a Protective Order (the "Motion"), hereby states and alleges as follows.

The Elliotts have moved the Court for a Motion seeking to prevent Mrs. Elliott from testifying at a deposition noticed by the Trustee. As an alternative, the Elliott's seek an order requiring an alternative form of deposition, such as deposition by written questions or by remote means. The stated reasons behind this Motion are two-fold: 1) Mrs. Elliott's "role in this adversary proceeding is at-best tangential"; and 2) the location of the noticed deposition operates as a hardship upon Mrs. Elliott. (Def.s' Br., p. 2, Doc. No. 32). Neither of these objections withstands scrutiny.

**1. Mrs. Elliott is a Primary Party in this Adversary Proceeding.**

Contrary to Mrs. Elliott's assertion that the present Adversary Proceeding is focused upon Mr. Elliott's business operations and expenditures, the Trustee is concerned with how the Elliotts conducted themselves during the pendency of their Chapter 13 bankruptcy proceeding and the

1

reasons behind their conversion to Chapter 7. This necessarily includes Mr. Elliott's business operations and spending habits but also transfers made to or for the benefit of the Elliotts' friends and family. When Mrs. Elliott chose to take advantage of the bankruptcy process, she also obligated herself to its requirements.

The Motion states, without support, that Mrs. Elliott has left the State of North Dakota and is now a resident of Texas. When this occurred is left unsaid. The Trustee has alleged that between 2021 and the conversion of their case, the "Debtors purchased in excess of $100,000 in firearms and firearm-related goods . . . ." (Am. Compl., ¶ 10, Doc. No. 27). This is a significant number, both in terms of money as well as the amount of tangible goods that they would have had to store *somewhere*. Mrs. Elliott has failed to testify that she was not present during this spending spree. As such, and as the spouse of Mr. Elliott, it is expected that she will have knowledge of these transactions including what was purchased and the eventual disposition of the same.

She is likewise expected to have knowledge of the Elliotts' actual income and spending habits during the pendency of their Chapter 13 bankruptcy proceeding, the facts behind their failure to remain compliant with the confirmed Chapter 13 plan, the decision to convert to Chapter 7, and the gifting spree the Elliotts undertook immediately prior to their conversion.

If (as Mrs. Elliott claims) she has no knowledge of or involvement in these transactions, it is necessary for her to testify as such, under oath and with an opportunity for the Trustee to properly vet her responses. It is not sufficient to simply claim as much in an unsupported and unverified Motion.

Mrs. Elliott attempts to further minimize her involvement in these proceedings by inferring that the Trustee's sole theory for denying her discharge rests on the claim that "she signed schedules in which her husband's assets were allegedly not fully itemized." (Def.s' Br., p. 4, Doc.

2

No. 32). That is no small matter. "A debtor's signature on the bankruptcy petition, schedules and statements, made under penalty of perjury, are declarations which have the force and effect of 'oaths' of the kind contemplated by section 727(a)(4)(A)." Doeling v. Doll (In re Doll), 668 B.R. 853, 871(Bankr. D.N.D. 2025) (citing Kaler v. Charles (In re Charles), 474 B.R. 680, 684 (Bankr. D.N.D. 2012)).

Also very significant are the debtors' tax returns, which contain significant discrepancies and which are a subject of the "bad acts" alleged in the Amended Complaint. A co-debtor cannot sign numerous bankruptcy schedules, each sworn under penalty of perjury, and file tax returns under penalty of law and feign ignorance and not be held to his/her oath.

There is no indication that the objectionable transactions underlying the Trustee's claims were solely the result of Mr. Elliott's action, and the Trustee has the right to find out if Mrs. Elliott was involved or even just complicit. Specifically, the Trustee has the right to determine when Mrs. Elliott vacated the Elliotts' residence, to what extent Mrs. Elliott was aware of Mr. Elliott's spending habits, and whether Mrs. Elliott was aware of or involved in making transfers to the Elliotts' children.

**2. The Trustee is Entitled to take the Deposition of Mrs. Elliott in Fargo.**

Mrs. Elliott provides no authority to the effect that the Trustee is not entitled to take her deposition in Fargo, North Dakota. Instead, she relies upon the Court's broad discretion in granting a remote deposition or other such means of deposition.

The Trustee is entitled to take her deposition. It is the Trustee's counsel's preference that such depositions be held in-person. Being face-to-face with a deponent provides the counsel with an opportunity to view their demeanor and subtle cues that may be missed in a remote or telephonic setting. It also avoids the risks and delays inherent with remote depositions. Another significant

3

consideration are the numerous exhibits the Trustee intends to examine. As an example, the Trustee examined Mr. Elliott on more than sixty exhibits.

Nor should the location of the scheduled deposition be viewed with suspicion. It was chosen for the convenience of the parties and based upon discussions with Mrs. Elliott's counsel. With Mrs. Elliott having left the state, it should be no more difficult for her to appear in Fargo than anywhere else in North Dakota. It also reduces the expenses of travel for her counsel, as well as the Trustee.[1] The Trustee is willing to find another North Dakota location if that is Mrs. Elliott and her attorney's preference.

Finally, to the extent that Fargo is not her preferred location for an in-person deposition, the Trustee notes that Mrs. Elliott has already failed to appear for a previous deposition that was noticed by the Trustee.[2] She did not make a Motion for Protective Order at that time and instead chose not to appear.[3] (B.R. 7026, F.R.Civ.P. 26(c)). Instead, she violated the rule and now asks forgiveness when deposition is re-noticed.

Following her failure to appear, Trustee's counsel attempted to work with Mrs. Elliott's counsel to reschedule her deposition which would have been an opportunity for Mrs. Elliott to have some input into the location. Following her failure to respond, the Trustee made the unilateral decision to schedule the present deposition at the location that was most convenient to the Trustee's counsel as well as to Mrs. Elliott's counsel.

**CONCLUSION**

---

[1] Mr. Elliott's deposition was conducted in Fargo as the preferred location for both Elliott's attorney as well as the Trustee's, and there was no suggestion as to any other North Dakota location.

[2] Nor was there an objection as to the scheduling of Mrs. Elliott's deposition in Fargo as originally noticed for September 12, 2025. Notice of Mrs. Elliott's scheduled deposition and certificate of service are attached as <u>Exhibit 1</u>.

[3] Mrs. Elliott is already in contempt for failing to appear at a properly noticed deposition.

4

The Trustee respectfully requests that the Court deny the Elliotts' Motion for Entry of a Protective Order.

Dated this 30th day of September, 2025

        */s/ Kip M. Kaler*
        Kip M. Kaler (ND Atty. #03757)
        KD Law, PLLP
        Attorney for Plaintiff
        3429 Interstate Blvd. S.
        P.O. Box 9231
        Fargo, ND 58106-9231
        (701) 232-8757
        kip@kdlawpartners.com

**EXHIBIT 1**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bky. Case No.: 21-30420 |
| | ) | Chapter 7 |
| Andy Baron Elliott, | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| Gene W. Doeling as Bankruptcy Trustee, | ) | **NOTICE OF DEPOSITION** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Andy Baron Elliott, | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Defendants. | ) | Adversary No. 24-07012 |
| _____ | ) | |

TO:  Sandra Leah Elliott and her attorney of record.

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, the attorney for the Plaintiff Bankruptcy Trustee will take the deposition of Sandra Leah Elliott beginning at 2:00 p.m. on September 12, 2025 at KD Law Office, 3429 Interstate Blvd. S, Fargo, ND 58103. The deposition will be taken before an officer authorized to administer the oath and take testimony and will continue until completed.

Dated this 27th day of August, 2025.

_____
Kip M. Kaler (ND Atty. #03757)
KD LAW, PLLP
Attorney for Plaintiff
3429 Interstate Blvd. S.
P.O. Box 9231
Fargo, ND  58106-9231
(701) 232-8757
kip@kdlawpartners.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bky. Case No.: 21-30420 |
| | ) | Chapter 7 |
| Andy Baron Elliott, | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| Gene W. Doeling as Bankruptcy Trustee, | ) | **NOTICE OF DEPOSITION** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Andy Baron Elliott, | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Defendants. | ) | Adversary No. 24-07012 |
| _____ | ) | |

TO:   Andy Baron Elliott and his attorney of record.

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, the attorney for the Plaintiff Bankruptcy Trustee will take the deposition of Andy Baron Elliott beginning at 9:00 a.m. on September 12, 2025 at KD Law Office, 3429 Interstate Blvd. S, Fargo, ND 58103. The deposition will be taken before an officer authorized to administer the oath and take testimony and will continue until completed.

Dated this 27th day of August, 2025.

_____
Kip M. Kaler (ND Atty. #03757)
KD LAW, PLLP
Attorney for Plaintiff
3429 Interstate Blvd. S.
P.O. Box 9231
Fargo, ND  58106-9231
(701) 232-8757
kip@kdlawpartners.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bky. Case No.: 21-30420 |
| | ) | Chapter 7 |
| Andy Baron Elliott, | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| Gene W. Doeling as Bankruptcy Trustee, | ) | **AFFIDAVIT OF SERVICE** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Andy Baron Elliott, | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Defendants. | ) | Adversary No. 24-07012 |
| _____ | ) | |

I, Heather Christ, being first duly sworn and under oath, depose and say: I am of legal age, a citizen of the United States and not a party to the action herein; that on the 28th day of August, 2025, I served the following documents:

**NOTICE OF DEPOSITION OF:**

1. **ANDY BARON ELLIOTT**
2. **SANDRA LEAH ELLIOTT**

on the persons listed below by placing a true and correct copy of said documents in an envelope addressed as follows or sending to the email address given:

Maurice B. VerStandig
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, ND 58102-4246
mac@dakotabankruptcy.com
christianna@dakotabankruptcy.com

and deposited same, with postage fully prepaid thereon, in the United States mails at Fargo, North Dakota, for delivery by the United States Post Office Department as directed on the envelope; that there is regular mail service between the place of mailing and the address as directed on the envelope.

_____
Heather Christ

Subscribed and sworn to before me this 28th day of August, 2025.

JANAE R KRAGERO
Notary Public
State of North Dakota
My Commission Expires May 8, 2028

_____
NOTARY PUBLIC
Cass County, North Dakota

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: ) | Bky. Case No. 21-30420 | |
| Andy Baron Elliott, ) | Chapter 7 | |
| Sandra Leah Elliott, ) | | |
| Debtors. ) | | |
| Gene W. Doeling as Bankruptcy Trustee, ) | | |
| Plaintiff, ) | **AFFIDAVIT OF SERVICE** | |
| v. ) | | |
| Andy Baron Elliott, ) | | |
| Sandra Leah Elliott, ) | Adversary No. 24-07012 | |
| Defendants. ) | | |

[1]     I, Charity Grueneich, being first duly sworn and under oath, depose and say: I am of legal age, a citizen of the United States and not a party to the action herein; that on the 30th day of September, 2025, I served the following document:

RESPONSE TO ELLIOTTS' MOTION FOR PROTECTIVE ORDER w/ EXHIBIT 1

on the person listed below by ECF system:

Maurice VerStandig       mac@dakotabankruptcy.com

[2]     I declare under penalty of perjury under the laws of the State of North Dakota that the foregoing is true and correct.

Date: September 30, 2025              */s/ Charity Grueneich*
                                      Signature
                                      KD Law, PLLP
                                      3429 Interstate Blvd S
                                      PO Box 9231
                                      Fargo, ND 58106-9231
                                      (701) 232-8757
                                      charity@kdlawpartners.com

*Cass County, North Dakota*
County and State where signed