UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re:<br><br>Andy Baron Elliott,<br>Sandra Leah Elliott,<br><br>　　　　　Debtors. | )<br>)<br>)<br>)<br>)<br>) | Bky. Case No. 21-30420<br>Chapter 7 |
| Gene W. Doeling as Bankruptcy<br>Plaintiff/Trustee,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Andy Baron Elliott,<br>Sandra Leah Elliott,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM IN SUPPORT OF<br>MOTION TO COMPEL**<br><br><br><br>Adversary No. 24-07012 |

## PROCEDURAL BACKGROUND

1. On or about March 21, 2025, the Defendants were served with Interrogatories and Requests for Production of Documents (collectively, the "Discovery Requests (Set #1)"). See Exhibit 1 to Affidavit of Kip M. Kaler. On or about May 1, 2025, the Defendants served their Responses, Objections and Answers to Interrogatories and Requests for Production (collectively, the "Discovery Responses (Set #1)"). See Exhibit 2 to Affidavit of Kip M. Kaler.

2. The Plaintiff/Trustee deemed the Defendants' Discovery Responses to be insufficient and, on or about May 21, 2025, the Plaintiff/Trustee, by and through his counsel, sent a letter to the Defendants' counsel, outlining the issues with the Defendants' Discovery Responses. See Exhibit 3 to Affidavit of Kip M. Kaler.

3. On or about June 26, 2025, the Defendants were served with Plaintiff's Interrogatories and Request for Production of Documents (Set #2) (collectively, the "Discovery Requests (Set #2)"). See Exhibit 4 to Affidavit of Kip M. Kaler. On or about July 28, 2025, the Defendants served their

1

Responses, Objections and Answers to Second Interrogatories and Requests for Production (collectively, the "Discovery Responses (Set #2)"). See <u>Exhibit 5</u> to Affidavit of Kip M. Kaler.

4. The Plaintiff/Trustee similarly deemed the Defendants' Discovery Responses (Set #2) to be insufficient and, on or about August 14, 2025, the Plaintiff/Trustee, by and through his counsel, sent a letter to the Defendants' counsel, outlining the continued issues with the Defendants' Discovery Responses. See <u>Exhibit 6</u> to Affidavit of Kip M. Kaler.

5. On July 16, 2025, the parties appeared at a Mid-discovery status conference set by the Court. At that hearing, the parties discussed the status of discovery, including existing disputes as well as future discovery needs. During the hearing, the Court made the determination that the parties had satisfied the "meet and confer" requirement.

## **DISCOVERY DISPUTE**

6. The Plaintiff has several issues with the Defendants' responses to his discovery requests. Some are related to the Defendants' specific responses, but nearly all their responses to Plaintiff's Requests for Production of Documents are defective in that they state that the responsive documents *will be produced* and have yet to be produced. The great difficulty with this is, the Defendants have not identified whether any such documents actually exist. This can be very important in that one of the contentions of the Plaintiff/Trustee in denying discharge is the debtor's failure to maintain adequate record. (See amended complaint ¶ 40-41, DOC #27.) Also, very evasive and inappropriate are the Defendants' failure to identify which documents produced relate to specific Requests for Production of Documents. The Plaintiff/Trustee's request in this respect is that the Defendants specifically state that all documents responsive to each request have been made. Secondly, the Defendants must identify those documents responsive to each specific request.

2

7. The Plaintiff/Trustee's request in the preceding paragraph applies to the Defendants Responses to Request for production of documents (Set #1): 1-16, 18-21. Defendants' Responses to Request for production (Set #2, Requests ## 22-25), all state that responsive documents "have been produced". The Defendants must identify those documents responsive to these Requests, ##22-25. Defendants produced over 1,000 bates stamped pages in response to the Requests for Production of Documents, however, Defendants entirely fail to identify which documents are responsive to which Request. The problem with these responses becomes more evident as you examine the lack of clarity (or non-responsiveness) of the Defendants' answers to interrogatories.

8. The Plaintiff/Trustee will identify specific interrogatories to which the Defendants have failed to appropriately respond.

9. Interrogatories #4 and 5. These 2 interrogatories request information regarding a $1500 cash withdrawal November 2, 2023 and a $5000 withdrawal on November 20, 2023. The Plaintiff/Trustee asks for detail in "how you spent or otherwise used the [money]". The Defendants' response to each was that the cash

> "was retained as cash to be used as needed for travel expenses related to work, particularly in situations where my business or personal debit/credit cards did not function properly or we declined. The funds were not earmarked for a specific purchase at the time of withdrawal but were intended to serve as a readily available backup for incidental expenses. I do not have a detailed record of each expenditure made from these funds."

This was at a time when the debtors failed to make the $1,300 monthly chapter 13 payment. Debtors filed an Amended Chapter 13 Plan on November 8, 2023 proposing a $1,300 payment beginning in November 2023. Surely any cash payments the debtor made at that time that were more critical than his monthly Chapter 13 obligation should be an important event they would remember. Instead, the debtors are taking cash for some unknown, unspecified, future, prospective need. This is a question that will be asked at trial, and the Plaintiff/Trustee is entitled to an answer to that question at this time.

3

10. Interrogatory # 12. The Plaintiff/Trustee asks the debtor to <u>identify</u> gross business receipts for each month from January 2021 to present. The Defendants respond that they do not have a precise itemized breakdown. However, the Defendants recently produced, without explanation, the document attached to the Affidavit of Kip M. Kaler as <u>Exhibit #7</u>. This document appears to be the Defendant's attempt to identify the number of clients, and the number of invoices and amounts received each year for 2021-2024. (Affidavit of Kip M. Kaler, Exhibit 7.) If this is the Defendants' answer, they need to say so. The problem with the Defendants response is this document shows $238,535.94 in receipts but the 2021 tax return shows $462,289 in business income; $77,100 in receipts for 2022 but the tax return shows $725,633; and receipts of $177,977.31 for 2023 as compared to the 2023 tax return showing $546,824 in business income. This new document also shows receipts of $558,866.08 for 2024. These "receipts" begs the question, what is this document and what other records do the Defendants have to respond to the Plaintiff/Trustee's discovery?

11. The Defendants provided incomplete and deceitful responses to interrogatories ##13-17. However, the Plaintiff/Trustee issued subpoenas to those persons who were parties to the transactions identified in those interrogatories. But the fact that the Defendants provide incomplete and inaccurate responses is evidence of the Defendants' obstruction throughout the discovery process and should be considered in the remedies to be granted on this motion. The Plaintiff/Trustee has issued subpoenas to each of those entities described in these interrogatories and have obtained the documents for each of those transactions identified, <u>and many more</u>. As more detailed support for this allegation, Plaintiff/Trustee states that despite the Defendants statement that they could not identify the owner of the 5th wheel camper and that there was merely a verbal agreement "that allowed me to borrow and use the camper for my personal use" obtained documentation as to this transaction the Defendants response is a flat out lie. Attached to the Affidavit of Kip M. Kaler as <u>Exhibit 8</u> is the agreement for

4

purchase of the RV and loan amortization schedule showing Elliott having paid $24,800 towards its purchase, including $5,000.00 on January 1, 2024, one week before they convert their case to Chapter 7. (Affidavit of Kip M. Kaler, Exhibit 8.)

12. Interrogatory No. 18 required Defendants to: "<u>Identify</u> all credit card accounts you have had access to or used, from January 1, 2021, to date. This includes but is not limited to Visa credit card ********** 5867." (Pl.'s Interrog. (Set # 2), No. 18, Ex. 4). In response, Defendants stated:

> Objection: Mr. Elliott objects to this Interrogatory to the extent it seeks information concerning credit card accounts used or accessed after the above-captioned case was converted to chapter 7. Such information is not relevant to the issues *sub judice* and is beyond the applicable temporal scope of inquiries reasonably calculated to lead to the discovery of admissible evidence.
>
> Answer: Subject to, and without waiving, the foregoing objection, and pursuant to Federal Rule of Civil Procedure 33(d), all responsive records in the possession, custody and control of Mr. Elliott have been produced.

13. The answer fails to identify any bank account; this interrogatory requires a narrative answer, or perhaps alternatively, specific documents acting as an identification of the accounts. The Defendants do not even acknowledge existence of the Visa credit card account 5867. The Plaintiff/Trustee has discovered the use of several credit cards by the Defendants in the purchase of firearms and storage units. Storage 85 Watford city, LLC produced documents showing the Defendant's use of Visa credit cards ending in 5867, 7510, and 0612, between August 2023 and April 2025. The Defendants did not <u>identify</u> any credit card accounts. This leads to the request for production of documents, Request #22. The Defendants provided no credit card statements. The Defendants would have to destroy their credit card statements almost simultaneously with their receipt to have no credit card statements whatsoever available for production. The Defendants must identify all credit cards they have had access to from January 1, 2021 to date, and in response to Request #22, must produce statements for those accounts.

5

14. Interrogatory 19. This interrogatory requires the Defendants to "identify bank, credit union, crypto, and other monetary type accounts in which you have had an interest in, access to, or used, from January 2021 to present". Again, the Defendants fail to <u>identify</u> such accounts. The Defendants deceptively state that they have produced responsive records to this request but failed to affirmatively state exactly what accounts they had. This is important in that when the Plaintiff/Trustee discovers other undisclosed accounts, this answer will be evidence of perjury and/or bankruptcy fraud.

15. Request 23. The Plaintiff/Trustee has issued a subpoena to First International Bank and obtained Bank statements for all accounts issued by it. However, in the event other accounts are disclosed, those documents must be produced.

16. Defendants' objection and answer fail to provide enough information to determine whether the objection is valid. Specifically, Plaintiff believes that there is a period of time after the conversion of the case that Defendants' credit card statements will be relevant. For example, how the Defendants were using the credit cards and how and when they were able to pay the credit cards could support Defendants' bad faith actions in the Chapter 13 case.

17. Interrogatories 20 and 21. These interrogatories require the Defendants to identify all firearms acquired between January 1, 2021 and present, and their disposition. Again, this interrogatory requires a narrative answer from the Defendants which they fail to provide. The Plaintiff/Trustee has obtained through subpoenas, records showing the Defendants as having purchased more than $100,000 worth of firearms and associated products. Plaintiff/Trustee has also obtained documents showing the sale of some of those goods to another firearms dealer. However, the Plaintiff/Trustee cannot be assured that he has obtained all such records and certainly

6

has not been informed as to what has been disposed of and most importantly what remained at the time of the conversion of the Chapter 13 case. The Defendants must provide a narrative answer.

18. Request production of documents 24 and 25. These relate to the purchase and disposition of those firearms. The Defendants have literally produced nothing. It would seem incomprehensible that they have no documentation regarding the acquisition and disposition of $100,000 in nonessential assets during their bankruptcy case. In addition, the Defendants state in their answer to interrogatory 20,

> "Mr. Elliott observes that a trust for his benefit owns a couple of mufflers[1]. He believes this trust was established after his case was filed, but he is not certain of such and is endeavoring to locate the trust paperwork which, if and when located, will be produced".

Either the cash used to purchase those mufflers or the mufflers themselves would appear to be fraudulently transferred to a third-party and recoverable by the estate. The Defendants have yet to produce documents relating to this transaction.

19. Again, the Defendants raise the objection that this information is not relevant to the issues of this case and beyond the temporal scope of the inquiries reasonably calculated to lead to the discovery of admissible evidence. This is simply incorrect. The debtor's disposition of assets of this estate, and their acquisition of additional assets after the conversion of this case directly relate to assets of this estate and the debtor's ability to have made Chapter 13 payments. The Defendants cannot assert a bald relevancy objection without specific information on a subject so central to this case.

---

[1] Muffler is a gun silencer.

**LAW AND ARGUMENT**

20. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, as made applicable in adversary proceedings under Rule 7037 of the Federal Rules of Bankruptcy Procedure, a party may move for an order compelling disclosure or discovery. A motion to compel discovery is available when a party fails to answer an interrogatory submitted under Rule 33 (F.R.Civ.P. 37(a)(3)(B)(iii)) and when a party fails to produce documents as requested under Rule 34 (F.R.Civ.P. 37(a)(3)(B)(iv)). Further, "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." F.R.Civ.P. 37(a)(4). "The rules for depositions and discovery 'are to be accorded a broad and liberal treatment.'" Credit Lyonnais, S.A. v. SGC Int'l, Inc., 160 F.3d 428, 430 (8th Cir. 1998) (quoting Hickman v. Taylor, 329 U.S. 495, 507, 91 L. Ed. 451, 67 S. Ct. 385 (1947)).

21. As noted above, nearly every single one of Defendants' responses to Plaintiff's Requests for Production of Documents asserts that the documents "will be produced" with no assurances that the documents *have* been produced. Without the affirmative assurance of Defendants that these documents have, at this time, been produced, Plaintiff cannot know whether additional responsive documents exist. Defendants must clearly state that all responsive documents have been produced, or they must be made to produce such documents immediately.

22. Defendants' Responses to Plaintiff's Requests for Production of Documents also fails to identify which documents are responsive to which Request. Rule 34(b)(2)(E)(i) of the Federal Rules of Civil Procedure, as made applicable in adversary proceedings under Rule 7034 of the Federal Rules of Bankruptcy Procedure, requires that "[a] party must produce documents as they are kept in the usual course of business *or must organize and label them to correspond to the categories in the request . . .*" (F.R. Civ. P. 34(b)(2)(E)(i)) (emphasis added).

8

23. By failing to properly label the produced documents, or by failing to cite to the documents bates stamped pages, Defendants have failed to comply with this Rule. This places an undue burden on Plaintiff to attempt to peruse all 1,000+ pages of Defendants' document production and creates a risk that responsive documents which may be responsive to multiple requests may be overlooked or hidden. Defendants must supplement their responses to clearly identify which documents are responsive to which request.

24. Defendants' objections to Plaintiff's Interrogatories Nos. 18 – 21 are broad and are used by Defendants as a method to avoid providing any substantive response to those Interrogatories. Rule 33(b)(3) of the Federal Rules of Civil Procedure, as made applicable in adversary proceedings under Rule 7033 of the Federal Rules of Bankruptcy Procedure, states: "Each interrogatory must, *to the extent it is not objected to*, be answered separately and fully in writing under oath." (F.R. Civ. P. 33(b)(3)) (emphasis added). Even with an objection, Defendants should be responding to these Interrogatories, especially in light of the broad and liberal" scope of discovery. Credit Lyonnais, S.A. v. SGC Int'l, Inc., 160 F.3d 428, 430 (8th Cir. 1998).

25. At the least, Defendants should be required to provide enough information for Plaintiff to determine whether the claimed documents are, in fact, protected from discovery or whether the information will demonstrate, as believed by Plaintiff, that Defendants were acting in bad faith in converting their bankruptcy case from a chapter 13 to the present chapter 7. Specifically, Plaintiff believes that information pertaining to the Debtors' credit cards and banking and investment accounts may demonstrate their actual financial condition during the pendency of the chapter 13 case and immediately following their conversion.

26. Defendants' response to Interrogatory No. 21 is even more problematic. It is Plaintiff's experience that firearms are high-value assets that are difficult to trace and, therefore,

9

easy to conceal. Plaintiff has requested information related to the number and types of firearms in Defendants' possession and have never been provided with such a list. There is no conceivable excuse to withhold this information from Plaintiff. Likewise, Defendants purchased a significant amount of assets, many of which they claim to have sold or traded in the ordinary course of business. Plaintiff has requested information about the disposition of these assets and the proceeds from their sales. This information must be provided.

## CONCLUSION

27.   Plaintiff/Trustee requests that the Court order the Defendants to fully respond to Interrogatories ##4, 5, 12, and 18-21, and directly respond to the Requests for Production of Documents by specifically identifying those documents responsive to Requests ##1-16 and 18-25, or directly state they have no documents responsive to the Request.

Dated: October 17, 2025.

*/s/ Kip M. Kaler*
Kip M. Kaler (ND Atty. #03757)
KD Law, PLLP
Attorney for Plaintiff/Trustee
3429 Interstate Blvd. S.
Fargo, ND  58103
701-232-8757
kip@kdlawpartners.com