IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Andy Baron Elliott | ) | Case No. 21-30420 |
| | ) | (Chapter 7) |
| and | ) | |
| | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| Gene W. Doeling, in his Official Capacity as Chapter 7 Trustee, | ) | |
| | ) | |
| | ) | Adv. Case No. 24-07012 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Andy Baron Elliott | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Defendants. | ) | |

**Opposition to Motion to Compel**

Come now Andy Baron Elliott ("Mr. Elliott") and Sandra Leah Elliott ("Ms. Elliott") (collectively, the "Debtors," and each a "Debtor"), by and through undersigned counsel, in opposition to the Motion to Compel (the "Motion"), DE #36, filed by Gene Doeling (the "Trustee"), and state as follows:

I.  **Introduction**

Broadly, the Trustee urges that (i) the Debtors should be able to more precisely recollect things to a degree of precision greater than their memories actually allow; (ii) the Debtors—who the Trustee has previously excoriated for having made a thin document production—must more

1

carefully identify which documents are responsive to which document requests; and (iii) the Debtors must produce additional documents. Each of these contentions ultimately fails, however, for relatively self-evident reasons.

To the extent the Trustee—who has already had occasion to depose Mr. Elliott—seeks more precise interrogatory answers, replete with recollections Mr. Elliott simply does not possess, such is neither viable nor proper. The discovery process is aimed at adducing relevant information known to parties; the discovery process is not intended to be one aimed at chastising poor recollections, especially when such come years after relevant events.

In terms of the organization of responsive documents, the Debtors have produced those documents in their possession, custody or control. That so many documents overlap with so many requests makes it innately difficult to denote any one document as being responsive to any one request. But to the extent the Trustee wishes to see the Debtors cause their counsel to endeavor to collate a cross-referenced list of documents produced and requests to which those are responsive, counsel is certainly willing to do so (even if squeamish about the cost such will invariably inflict on the two consumer Debtors).

Vis a vis the breadth of the document production: the Debtors have been upfront—from the outset of this case—about the thoroughly unsurprising fact that they, like so many others, do not keep meticulous records. This is why they have not stood in the way of the Trustee's hefty campaign of issuing subpoenas to third parties. And this is why they have been heartened to see those subpoenaed documents be produced. But to the extent the Trustee maintains such is a material consideration to a discharge-centric attack on recordkeeping, the Trustee is as errant now as he was when he first urged such an obligation to befall debtors who are natural persons.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged the Motion be denied.

**II.     Argument: Interrogatory Answers do Not Require Supplementation**

The Trustee's initial contention is that the Debtors ought to be compelled to enhance their respective memories. The Trustee quotes from a relatively candid response, given in answer to interrogatories #4 and #5, and chides the Debtors for not having more precise records or recollections of how cash withdrawals were spent. In so doing, the Trustee seems to miss that one cannot much be made to recollect what one does not actually recollect.

Axiomatically, a party to litigation cannot be asked to remember more than what has actually remained in their mind following relevant events. *See, e.g.*, Hardy v. Davis, No. 2:13-cv-0726 JAM DB, 2017 U.S. Dist. LEXIS 14138, at *8-9 (E.D. Cal. Feb. 1, 2017) ("From plaintiff's perspective, defendant Morris' lack of recall concerning any other specific incidents is 'evasive' and 'incomplete,' but the court cannot compel defendant Morris to remember an incident. This interrogatory only required defendant Morris to search his recollection, which he did. As such, the court finds the response adequate."); *Cohn v. Wilkes Gen. Hosp.*, 127 F.R.D. 117, 121 (W.D.N.C. 1989) ("Based on the interrogatories, Dr. Kilby's responses which accompanied Plaintiff's motion to compel, and the parties' briefs, the Court finds that Defendant Kilby has fully answered interrogatories 7 through 13 and that he stated his replies to the best of his knowledge, recollection, and information. Accordingly, Plaintiff's motion to compel Defendant Kilby to provide more complete answers to interrogatories 7 through 13 is denied.").

The same goes for interrogatory #12. Here, the question concerns gross business income, with the Trustee asking the Debtors to identify receipts for every single month from January 2021 to the present. Not surprisingly, the Debtors have not the recollection sufficient to do this. Still, the Debtors made a valiant effort at furnishing the information they do have. And the Trustee, in

turn, bemoans that such does not match various records. This may well be—the fallacy of recollection is undeniable—but to the extent the Trustee looks to leverage such into an argument that the Debtors ought to be compelled to freshly patch together myriad documents and produce a report derived therefrom, such appears to be a mighty stretch of what an interrogatory can properly ask.

With interrogatories #13-17, the Trustee's position appears to be that the answers are wrong, as evidenced by records obtained through subpoena. The Trustee does not appear to be seeking more information on these fronts, seemingly content with information gleaned from third parties. And it is thusly unclear what, exactly, it is the Trustee seeks to compel.

With interrogatories #18 and #19, the Trustee takes issue with the Debtors having opted to produce records in lieu of a narrative account. Yet the answers given expressly reference Federal Rule of Civil Procedure 33(d) which, in turn, allows, *inter alia*:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d).

The Trustee is inquiring about the Debtors' financial accounts. The Debtors, in turn, have produced all of the responsive account records in their possession, custody and control. This would seem to more-than-suffice under Rule 33(d).

### III. Document Production

On numerous occasions, the Trustee bemoans that no documents have been produced by the Debtors or that a document production feels thin. Very often—as exemplified by the Trustee's discussion of firearm records obtained—this critique comes in the context of the numerous, detailed records obtained by the Trustee, which he uses as a measuring stick against the Debtors' own recordkeeping. Such an effort is innately misplaced.

To be clear, not once does the Trustee point to a document he believes the Debtors to definitively possess and to have withheld. The Trustee's qualm, rather, is that the Debtors appear to have so few documents. Yet the Debtors are consumers; this is not a business case and the Debtors are frequently upfront about the paucity of their records (as with the document request to which they respond by noting that they cannot locate records for a muffler trust but are endeavoring to do so).

More pointedly, though, the Trustee's attack on poor recordkeeping—surmising such to inform a potential denial of discharge—is misplaced. As the Debtors' observed when this issue was originally raised, the Trustee appears to be conflating the duties of a business debtor with those of a natural person, and errantly so. *See, e.g.*, *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1295 (10th Cir. 1997) (1295 ("In its analysis, the district court noted that it was uncontroverted that the car collection was a hobby, not a business entered into for profit, and cash sales in this hobby were commonplace. Thus, the district court found that any failure to keep records was justified on the facts of the case."); 6 Collier on Bankruptcy P 727.03 ("If the occupation or business is of a kind in which persons normally would not keep books or records, failure by the debtor so to do does not bar the discharge. It has even been said that a business may be so small that no books or records are required to be kept, although it would seem that not the

5

size of the business but its complexity fixes the bounds of the duty.") (citing *Simcich v. Haugen (In re Haugen)*, 9 B.R. 4 (Bankr. S.D. Fla. 1980); *In re Brown*, 108 F.3d 1290; *Floret, L.L.C. v. Sendecky (In re Sendecky)*, 283 B.R. 760 (B.A.P. 8th Cir. 2002); *In re Popik*, 18 F. Supp. 717 (E.D.N.Y. 1937); *Baker v. Trachman*, 244 F.2d 18 (2d Cir. 1957); *Karr v. Marshall*, 262 F.2d 358 (2d Cir. 1959); *Davis v. Wolfe (In re Wolfe)*, 232 B.R. 741 (B.A.P. 8th Cir. 1999)).

If the Trustee could point to a specific document known to be possessed by the Debtors, but withheld absent some correlative objection, such would be one thing. But the Trustee—despite having already deposed Mr. Elliott—does not so much as feign an ability to do so. Rather, the Motion frequently surmises simply that the Debtors *should* have records. And, perhaps cognizant of the frailty of such a contention, the Trustee equally posits that a failure to keep records may equate to a denial of discharge. Yet this is a flawed argument on both fronts, assuredly not being fodder sufficient to support a motion to compel.

## IV. Conclusion

The Debtors have been quite candid, from the outset, that they do not possess detailed records and that, in many respects, they may be viewed as being roughly as disorganized as the average American family. It is easy, from the perspective of an attorney or a bankruptcy trustee, to lose sight of how records preciously preserved by professionals are so often relegated to the wastebin by consumers. Yet such is a reality that permeates this case and so many others.

The same may be said of human recollections: for those who do not record activities in tenth-of-an-hour increments, the frailty of memory is often quite notable. This is not a shortcoming or even a flaw meritorious of stripping one's discharge; this is a byproduct of the human condition.

No doubt, the Trustee is sincere in wishing crisper recollections and more detailed archival documents to be afoot in this case. But the sincerity of this wish does not nearly equate to a legal mandate to compel that which simply does not exist.

## V.     Conclusion

WHEREFORE, the Debtors respectfully pray this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: November 3, 2025      By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of November, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig