# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>Andy Baron Elliott,<br>Sandra Leah Elliott,<br><br>                Debtors.<br><br>Gene W. Doeling as Bankruptcy Plaintiff/Trustee,<br><br>                Plaintiff,<br><br>v.<br><br>Andy Baron Elliott,<br>Sandra Leah Elliott,<br><br>                Defendants. | Bky. Case No. 21-30420<br>Chapter 7<br><br><br><br><br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY**<br><br><br><br>Adversary No. 24-07012 |

       1.       Defendants' response to the motion to compel discovery incorrectly attempts to characterize this dispute as a matter of poor memory, rather than as the Trustee characterizes it as deceptive responses. That is evident by reviewing the discovery dispute in the Trustee's memorandum in support of Motion to compel. The Trustee and his counsel know fully well the difference between an inability to remember and a failure to recognize the obvious.

       2.       Paragraph 7[1], request for production of documents #but 1-16, 18-21, 22-25. Many of these documents are incapable of assignment as responsive to any particular interrogatory or request production of documents. This is literally burying the needle in a haystack. This will become more evident by the Defendants response to interrogatories.

       3.       Paragraph 9, interrogatories 4 and 5. While the Trustee asked for records, the debtor is obligated to respond with a narrative or clearly say "I don't remember".

       4.       Paragraph 10, interrogatory 12. The Trustee points out that Defendants produced Exhibit #7 with no explanation as to what it is or how it is responsive. The Trustee might assume

---

[1] Each reference in this Reply is to a "Paragraph __" in the Trustee's Memorandum in support of Motion to compel, DOC #36.

it's responsive to this interrogatory. Further, as the Trustee points out, what other records exist responsive to this interrogatory.

5.      Paragraph 11, interrogatories 13-17. The Trustee references Exhibit #8, which is a contract for purchase of the RV. The Defendants continue to fail to identify this contract is responsive to the interrogatories. The Defendants have an obligation to timely correct their discovery responses, even if that means admitting to a lie.

6.      Paragraph 12, interrogatory 18. This interrogatory asks the Defendants to identify all credit card accounts. Their response is "all responsive records . . . have been produced". The interrogatory requires a narrative identifying those bank accounts/credit card accounts in which they had an interest but continue to fail to do so despite Trustee's attempt to help them by identifying portions of the account numbers. To the Trustee's knowledge, the Defendants produced no records. This is a preposterous response given the fact that all financial accounts issue statements monthly, so the Defendants have undeniably received statements for those accounts since the issuance of this interrogatory, June 25, 2025. The Trustee cannot simply issue a subpoena to Visa, MasterCard, or American Express as those subpoenas must be directed to the financial institute issuing the credit cards. Given the fact the debtors have given the Trustee absolutely nothing it is obvious the Defendants are being obstructive rather than forgetful.

7.      Paragraph 14, interrogatory 19.  Again, the Trustee asks the Defendants to identify bank accounts. The Defendants must respond to the extent they can, which would include identifying the institution holding the account. The same issue applies to Paragraph 15 and Request production of document 23.  First of all, in the event any such accounts ever existed, the Defendants must acknowledge that, even in the unlikely circumstance they can't remember what financial institution holds that account.

8. Paragraph 17, interrogatories 20 and 21. Interrogatory 20 requires identification of all firearms purchased. While the Trustee is obtained records of some purchases, Defendants failed to identify whether those are all purchases, or even whether purchases were made from other sellers. Interrogatory 21 requires identification of the disposition of those firearms. Again, the Trustee provided some documentation of some disposition but not all firearms. Again, the Defendants must identify the disposition, even if that requires them to admit that the document showing sales of firearms after the conversion of this case to Chapter 7 confirms their perjurious bankruptcy schedules (DOC #115), March 14, 2024 in which they disclose ownership of no firearms. The Spartan firearms records identify approximately $4000 in firearm purchases from Defendants on May 9, 2024. The Defendants also fail to identify the disposition of additional firearms nor identify those they possess at the time of the interrogatory. This is not an issue of memory, it's an issue of simply answering what they currently possess.

9. Paragraph 18, request 24 and 25. The Trustee asks for the documentation regarding the acquisition and disposition of firearms. The Defendants identified the existence of trust documents regarding mufflers, but not only fail to produce the documents, they also fail to identify any information regarding them including who prepared them, who is the Trustee, who last had possession of them, location at any time, etc.. The Defendants do not state they have Dennis thorough search for the documents, or how they might be located.

10. Paragraph 19. The Defendants raise an objection of relevancy relating to the temporal scope of the request. Relevancy is rarely a valid objection. At a minimum, the Defendants must identify what documents exist responsive to these requests.

11. The Defendants also attempt to characterize the lack of records as to be expected from consumer debtors. This is similarly grossly misleading. The debtors' tax returns for 2020 show wage income of $37,487 and business income of $186,304; for 2021 wage income of $39,479

and business income of $462,289; for 2022 wage income of $31,669 and business income of $725,633; and for 2023 wage income of $24,903 and business income of $546,824. Further, this case also has the issue of the debtor's disposition of that business income upon which the Defendants are greatly dependent upon. The Trustee has recently sent additional discovery to the Defendants asking for all materials provided to their tax preparer. The Trustee finds that it is preposterous that the Defendants can show a loss of $7374 on their 2023 tax return with only $24,903 in wage income, yet purchase firearms alone at a cost greater than their household income.

12. The fact that the Defendant's answers to discovery are greatly averse to their success in this litigation, is not legally nor procedurally permitted. The Defendants need to give accurate and complete responses, which they have failed to do.

## CONCLUSION

13. The Defendants response is grossly misleading. The discovery was directed to information and documents which exist. The Trustee and counsel are skilled enough to ask for discovery not solely dependent upon the Defendant's expected poor memory. The Defendants must be ordered to provide accurate and complete responses to all discovery requests, or the Trustee requests that default judgment be entered as to liability on both the issues of denial of discharge and lack of good faith in converting their case to Chapter 7.

Dated: November 6, 2025        /s/ Kip M. Kaler
                               Kip M. Kaler (ND Atty. #03757)
                               KD Law, PLLP
                               Attorney for Plaintiff/Trustee
                               3429 Interstate Blvd. S.
                               Fargo, ND  58103
                               701-232-8757
                               kip@kdlawpartners.com

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bky. Case No. 21-30420 |
| Andy Baron Elliott, | ) | Chapter 7 |
| Sandra Leah Elliott, | ) | |
| Debtors. | ) | |
| Gene W. Doeling as Bankruptcy Plaintiff/Trustee, | ) | |
| Plaintiff, | ) | **AFFIDAVIT OF SERVICE** |
| v. | ) | |
| Andy Baron Elliott, Sandra Leah Elliott, | ) | Adversary No. 24-07012 |
| Defendants. | ) | |

[1]     I, Heather Christ, being first duly sworn and under oath, depose and say: I am of legal age, a citizen of the United States and not a party to the action herein; that on the 6th day of November, 2025, I served the following document:

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

on the person listed below by ECF system:

Maurice VerStandig        mac@dakotabankruptcy.com
Christianna Cathcart      christianna@dakotabankruptcy.com

[2]     I declare under penalty of perjury under the laws of the State of North Dakota that the foregoing is true and correct.

Date: November 6, 2025

/s/ Heather Christ
Signature
KD Law, PLLP
3429 Interstate Blvd S
PO Box 9231
Fargo, ND 58106-9231
(701) 232-8757
heather@kdlawpartners.com

*Cass County, North Dakota*
County and State where signed