UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | Bankruptcy Case No. 21-30420 |
| Andy Baron Elliott and Sandra Leah Elliott, | Chapter 7 |
| Debtors. _____/ | |
| Gene W. Doeling, as Bankruptcy Trustee, | Adv. Case No. 24-7012 |
| Plaintiff, | |
| v. | |
| Andy Baron Elliott and Sandra Leah Elliott, | |
| Defendants. _____/ | |

**ORDER GRANTING MOTION COMPEL IN PART**

Bankruptcy Trustee Gene W. Doeling filed a Motion to Compel, seeking complete and thorough responses to his discovery requests. Debtors/Defendants Andy Baron Elliott and Sandra Leah Elliott filed a response. On November 17, the Court held a hearing on the motion. For the reasons stated on the record, IT IS ORDERED:

1. The Trustee's motion to compel a different or more complete response to Interrogatory Nos. 4 and 5 is denied.

2. Debtors produced Exhibit 7 in response to Interrogatory No. 12, in which the Trustee requested Debtors to "state your gross business receipts for each month from January 2021 to the present." Debtors also produced tax records and bank records that are responsive to this request. The Trustee's Motion to Compel an

1

additional response is denied. Debtors are reminded of their obligation to supplement their discovery response if they discover additional or corrective information. Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(e)(1).[1]

3. The Trustee argues that Debtors provided incomplete and deceitful responses to Interrogatory Nos. 13-17, but he seeks no additional information. His motion to compel different responses to these discovery requests is denied. Debtors are reminded of their obligation to supplement their discovery response if they discover additional or corrective information. Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(e)(1).

4. In Interrogatory Nos. 18 and 19, the Trustee requests Debtors to identify all credit card, bank, credit union, crypto and other monetary accounts Debtors used, accessed or held an interest in. Debtors produced records, but the Trustee maintains these records are incomplete. The Trustee's motion to compel a comprehensive answer to these interrogatories is granted. Debtors are ordered to

---

[1] Pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 26 of the Federal Rules of Civil Procedure,

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> > (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> >
> > (B) as ordered by the court.

Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(e)(1).

identify all credit card, bank, credit union, crypto and other monetary accounts in which Debtors held an interest, used or accessed from January 2021 to six months after the Court converted their bankruptcy case from a Chapter 13 to a Chapter 7 case. In response to Request for Production Nos. 22 and 23, Debtors are also ordered to produce the statements for these accounts if they possess them (unless the Trustee has previously obtained copies). Debtors are reminded of their obligation to supplement their discovery response if they discover additional or corrective information. Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(e)(1).

5. In Interrogatory No. 20, the Trustee requests Debtors to identify all "firearms, firearm related goods, and sporting goods" Debtors acquired between January 1, 2021, and the present. In Interrogatory No. 21, the Trustee requests Debtors to "identify the present location of each item and who possesses it (name, address and telephone number), or its disposition" for all items listed in response to Interrogatory No. 20. In Request for Production Nos. 24 and 25, the Trustee requests Debtors to produce all documents evidencing the transactions described in Interrogatory No. 20 and the disposition described in Interrogatory No. 21. Debtors objected to the overbroad scope of the discovery requests, but they produced some records. The Trustee's motion to compel is granted in part. Debtors are ordered to list all firearms and related accessories and archery equipment "you" (defined as "defendant, its attorneys, accountants, employees, agents, and all persons or entities acting or purporting to act on its behalf") acquired from January 1, 2021, to six months after the Court converted their bankruptcy case from a Chapter 13 to a Chapter 7 case, including the items in their

3

possession or control. They are also ordered to produce records regarding their purchase and disposition if they possess them. Again, Debtors are reminded of their obligation to supplement their discovery response if they discover additional or corrective information. Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(e)(1).

6. In their response to Interrogatory No. 20, Debtors disclose that a trust for Debtor Andy Elliott "owns a couple of mufflers." The Trustee requests that Debtors be ordered to produce documentation related to this trust and the purchase of the mufflers. Debtors represent that they cannot find the documents evidencing the trust. Debtors agreed to produce documentation of the trust and its purchase of mufflers if the documentation is located. Debtors are also reminded of their obligation to supplement their discovery responses if they discover additional or corrective information. Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(e)(1).

Dated: December 3, 2025.

Shon Hastings, Judge
United States Bankruptcy Court