**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| In re: | ) | Bky. Case No.: 21-30420 |
| | ) | Chapter 7 |
| Andy Baron Elliott, | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | **NOTICE AND MOTION** |
| Gene W. Doeling as Bankruptcy Trustee, | ) | **FOR APPROVAL OF** |
| | ) | **SETTLEMENT AGREEMENT** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Andy Baron Elliott, | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Defendants. | ) | Adversary No. 24-07012 |
| _____ | ) | |

Gene W. Doeling, the bankruptcy trustee in this case, respectfully requests that the Court approve a Settlement Agreement entered into with the Defendants, Andy Baron Elliott and Sandra Leah Elliott, dated January 14, 2026. The Settlement Agreement, in essential part, provides as follows:

The bankruptcy trustee commenced an adversary proceeding against the Debtors on August 13, 2024, as Case # 24-07012. That action seeks to deny the Debtors a discharge pursuant to 11 U.S.C. §§ 727 (a)(2), (3), (4), and (6). The trustee alleges that the Debtors have either concealed their records or failed to keep and preserve recorded information sufficient to ascertain the nature of their business and transactions; the Debtors made false oath for failing to disclose all of their assets; the Debtors, with intent to hinder, delay, or defraud a creditor or the bankruptcy estate, transferred property both before and after the bankruptcy filing; and the Debtors have failed to obey an order of the bankruptcy court.

The bankruptcy trustee also alleged in the adversary proceeding that the conversion of their Chapter 13 bankruptcy case to Chapter 7 was done in bad faith.

The bankruptcy trustee now alleges that the Debtors had access to in excess of $120,000 in the two months following the filing of their bankruptcy, much of which could have been used to make bankruptcy payments; the Debtors had equity in a recreational vehicle including having made a $5,000 payment on the vehicle on January 1, 2024, and the Debtors had between $20,000 and $40,000 in firearms and similar type sporting goods at the time of the conversion.

The trustee alleges that the Debtors have abandoned their Watford City, ND homestead.

To settle this case, the parties agree as follows:

The Debtors hereby abandon and forgo any and all rights and claim of exemption in the Watford City, ND real estate listed in their bankruptcy filings, which shall be property of the bankruptcy estate; the Debtors shall execute all documents requested by the bankruptcy trustee in establishing the ownership of that property solely in the name of the bankruptcy estate.

Andy Baron Elliott agrees that his discharge in this bankruptcy case shall be denied pursuant to 11 U.S.C. §§ 727 (a)(2), (3), (4), and (6).

Sandra Leah Elliott shall receive a discharge in this bankruptcy case, and the bankruptcy trustee agrees that he will not pursue denial of discharge as to Sandra Leah Elliott under 11 U.S.C. § 727.

To settle the bankruptcy estate's right to recovery of property of the bankruptcy estate following a bad faith conversion of their bankruptcy case to Chapter 7, the Debtors shall pay and hereby stipulate to the entry of judgment in favor of the bankruptcy estate, in the sum of $100,000. The parties agree that judgment shall be entered denying the discharge of Andy Baron Elliott only and awarding the bankruptcy estate a judgment against Andy Baron Elliott in this sum. The bankruptcy estate waives its rights in all other property of the bankruptcy estate as it existed on the date this bankruptcy case was converted to Chapter 7, January 8, 2024, and shall have no right to such property, other than the Watford City, ND homestead real estate.

The bankruptcy trustee and Debtors further agree that in the event the Debtors shall pay to the bankruptcy estate the sums of 1) $15,000 by February 28, 2026, 2) $5,000 by March 31, 2026, 3) $5,000 by April 30, 2026, 4) $5,000 by May 31, 2026, and 5) $15,000 by June 30, 2026, the trustee shall then satisfy in its entirety the monetary judgment against Andy Baron Elliott entered in adversary case # 24-07012. The trustee further agrees that he will not attempt to enforce the monetary judgment against Andy Baron Elliott so long as each payment described above has been timely made. In the event the Debtors default on the payment schedule described, following a seven-day written notice to the Debtors' attorneys, the bankruptcy trustee may immediately thereafter enforce the remaining amount of the judgment without further notice.

The Debtors represent that they have fully read and understand the terms of the agreement and have consulted with their attorney regarding the terms and conditions of the agreement and voluntarily enter into the agreement of their own free will.

A copy of the Settlement Agreement may be obtained by contacting the bankruptcy trustee. The bankruptcy estate will not incur a tax consequence as a result of this transaction.

**NOTICE OF MOTION:** Your rights may be affected in this action. You should read these papers carefully and discuss the matters with your attorney if you have one. Any objections to this motion must be made within 21 days of this date with an original filed with the Clerk of Bankruptcy Court and copies served upon the Bankruptcy Trustee and United States Trustee at the addresses stated below. Failure to timely respond to this motion will be deemed a waiver of any objections and the Court will grant such relief as it deems appropriate.

| | | |
|---|---|---|
| Clerk, U.S. Bankruptcy Court | United States Trustee | Trustee |
| Quentin N. Burdick U.S. Courthouse | 300 S. 4th Street | (See |
| 655 First Ave. N. – Suite 210 | Suite 1015 | address |
| Fargo, ND 58107-4932 | Minneapolis, MN 55415 | below) |

DATED:  March 4, 2026         /s/ Gene W. Doeling
                              Bankruptcy Trustee
                              P.O. Box 9231
                              Fargo, ND 58106
                              (701) 232-8757

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bky. Case No.: 21-30420 |
| | ) | Chapter 7 |
| Andy Baron Elliott, | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| Gene W. Doeling as Bankruptcy Trustee, | ) | **AFFIDAVIT OF SERVICE** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Andy Baron Elliott, | ) | |
| Sandra Leah Elliott, | ) | |
| | ) | |
| Defendants. | ) | Adversary No. 24-07012 |
| _____ | ) | |

Gene W. Doeling of Fargo, ND, swears that on March 4, 2026, he mailed in first class postage-paid envelopes and deposited same in the post office at Fargo, ND, or served electronically at the given e-mail address a copy of the following:

**NOTICE AND MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

to the parties listed below:

Maurice VerStandig, mac@dakotabankruptcy.com
Christianna Cathcart, christianna@dakotabankruptcy.com

/s/ Gene W. Doeling